# No. 18-2892

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

### EDWARD T. KENNEDY,

Plaintiff-Appellant

v.

### COMMISSIONER OF INTERNAL REVENUE, DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE AND JOHN DOE, DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE,

Defendants-Appellees

### EQUIFAX INC. and RICHARD F. SMITH, CEO, Equifax, Inc.,

Defendants

### ON APPEAL FROM THE ORDERS OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### BRIEF FOR THE APPELLEES

RICHARD E. ZUCKERMAN
*Principal Deputy Assistant Attorney General*

TERESA E. McLAUGHLIN        (202) 514-4342
KATHLEEN E. LYON        (202) 307-6370
*Attorneys*
*Tax Division*
*Of Counsel:*        *Department of Justice*
*Post Office Box 502*
WILLIAM M. McSWAIN        *Washington, D.C. 20044*
*United States Attorney*

# TABLE OF CONTENTS

**Page**

Table of contents..................................................................................i
Table of authorities ......................................................................... iii
Statement of subject matter and appellate jurisdiction ..........................1
Statement of the issue...........................................................................4
Statement of related cases and proceedings ...........................................4
Statement of the case ...........................................................................5

A. Taxpayer's complaint ............................................................6

B. The Government's motion to dismiss .....................................8

C. The District Court's opinion .................................................10

D. Taxpayer's post-judgment filings .........................................12

Summary of argument ........................................................................13
Argument:

The District Court correctly held that it lacked subject matter
jurisdiction over taxpayer's complaint ..........................................15

Statement of the standard or scope of review.......................15

A. There is no pertinent waiver of sovereign immunity for
taxpayer's claim for damages ...............................................15

1. The complaint does not fall within the waiver of
sovereign immunity provided in the Federal Tort
Claims Act ................................................................17

a. Statutory background.........................................17

b. The tax exception to the FTCA bars
taxpayer's claim for damages..............................18

17093090.1

**Page**

2.    Sovereign immunity for taxpayer's claim is not waived by the Fair Debt Collection Practices Act ...............................................................................21

3.    Taxpayer's claim for damages does not fall within the waiver of sovereign immunity in § 7433 of the Code ...............................................................................23

4.    Taxpayer has not brought himself within the waiver of sovereign immunity for a refund claim .......27

B.    The Anti-Injunction Act bars taxpayer's request for equitable relief........................................................................28

C.    The District Court did not err in denying taxpayer's motions for reconsideration .....................................................30

Conclusion....................................................................................33
Certificate of bar membership ................................................34
Certificate of compliance ........................................................35
Addendum....................................................................................36
Certificate of service ...............................................................48

# TABLE OF AUTHORITIES

**Cases:** **Page(s)**

*Al-Sharif v. United States,*
    296 Fed. Appx. 740 (11th Cir. 2008) .................................... 23

*Beneficial Consumer Disc. Co. v. Poltonowicz,*
    47 F.3d 91 (3d Cir. 1995) ........................................ 21

*Berman v. GC Servs. Ltd. P'ship,*
    146 F.3d 482 (7th Cir. 1998) ................................... 23

*Bob Jones Univ. v. United States,*
    416 U.S. 725 (1974) ............................................. 30

*Cervantes v. United States,*
    330 F.3d 1186 (9th Cir. 2003) ............................... 18

*Charles v. Daley,*
    799 F.2d 343 (7th Cir. 1986) .................................... 3

*CNA v. United States,*
    535 F.3d 132 (3d Cir. 2008) ................................... 16

*Dambach v. United States,*
    211 Fed. Appx. 105 (3d Cir. 2006) ........................ 16

*Edward Thomas Kennedy v. Commissioner,*
    3d Cir. Case No. No. 18-2895................................... 4

*Enochs v. Williams Packing & Nav. Co.,*
    370 U.S. 1 (1962) ............................................ 29-30

*Ethypharm S.A. France v. Abbott Labs.,*
    707 F.3d 223 (3d Cir. 2013) .................................. 24

*FDIC v. Meyer,*
    510 U.S. 471 (1994) ............................................ 16

*Flora v. United States,*
    362 U.S. 145 (1960) ........................................... 28

*Hassen v. Government of Virgin Islands,*
    861 F.3d 108 (3d Cir. 2017) ............................. 27, 28

*Hornbeck Offshore Transportation, LLC v. United States,*
    569 F.3d 506 (D.C. Cir. 2009) ............................... 17

*Hunsaker v. United States,*
    902 F.3d 963 (9th Cir. 2018)....................... 19-20, 31

**Cases (cont'd):**                                                         **Page(s)**

*Lazaridis v. Wehmer,*
    591 F.3d 666 (3d Cir. 2010) ..............................................31, 32

*Lichtman v. United States,*
    316 Fed. Appx. 116 (3d Cir. 2008) ........................................18

*Metropolitan Life Ins. Co. v. Price,*
    501 F.3d 271 (3d Cir. 2007) ..................................................15

*Music v. United States,*
    17 F. Supp. 3d 1327 (N.D. Ga. 2014)....................................24

*Philadelphia Marine Trade Ass'n–Int'l Longshoremen's Ass'n*
    *Pension Fund v. Commissioner,*
    523 F.3d 140 (3d Cir. 2008) ..................................................28

*Sauers v. Commissioner,*
    771 F.2d 64 (3d Cir. 1985) ....................................................31

*Shelton v. Bledsoe,*
    775 F.3d 554 (3d Cir. 2015) ..................................................21

*Shreiber v. Mastrogiovanni,*
    214 F.3d 148 (3d Cir. 2000) ..................................................26

*Treasurer of New Jersey v. U.S. Dept. of Treasury,*
    684 F.3d 382 (3d Cir. 2012) ...........................................16, 17

*United States v. Dalm,*
    494 U.S. 596 (1990) ...............................................................28

*United States v. S.A. Empresa de Viacao Aerea Rio Grandense*
    *(Varig Airlines),*
    467 U.S. 797 (1984) ...............................................................18

*United States v. Snyder,*
    327 Fed. Appx. 323 (3d Cir. 2009) ..................................25, 29

*Wages v. IRS,*
    915 F.2d 1230 (9th Cir. 1990)..................................................3

*Zarra v. United States,*
    254 Fed. Appx. 931 (3d Cir. 2007) ........................................29

-v-

**Statutes:**                                                  **Page(s)**

11 U.S.C.:

§ 106(a) ............................................................... 20
§ 362(k) ............................................................... 19

15 U.S.C.:

§ 1692.......................................................... 9, 13, 22
§ 1692a(5) ........................................................... 23
§ 1692a(6)(C) ...................................................... 23
§ 1692d.......................................................... 9, 13, 22

Internal Revenue Code (26 U.S.C.):

§ 6331(a) .......................................................... 7, 25
§ 6331(h) ................................................... 7, 9, 14, 25
§ 6334(c) ............................................................. 25
§ 6501(a) ......................................................... 25-26
§ 6502 ................................................................ 26
§ 6503 ................................................................ 26
§ 6511(a) ............................................................ 28
§ 6532(a)(1) ......................................................... 28
§ 7421(a) .................................................... 8, 14, 28-29
§ 7422(a) ............................................................ 28
§ 7433..................................... 8-9, 11, 14, 16, 23-27
§ 7433(a) .................................................... 17, 23, 25
§ 7433(b) ............................................................ 23
§ 7433(d) ............................................................ 27
§ 7433(d)(1) ......................................................... 27

28 U.S.C.:

§ 1291................................................................. 4
§ 1331.............................................................. 9-10
§ 1346(a)(1) ......................................................... 28

**Statutes (cont'd):**                                    **Page(s)**

28 U.S.C. (cont'd):

§ 1346(b) ............................................................. 8
§ 1346(b)(1) ...................................................... 17
§ 1915(e)(2) ........................................................ 5
§ 2107(b) ............................................................ 4
§ 2671-2680 ........................................................ 8
§ 2674 ............................................................... 17
§ 2675(a) ........................................................... 21
§ 2679(b) ........................................................... 16
§ 2680 ............................................................... 18
§ 2680(c) ............................................ 2, 4, 6, 8, 11, 13, 18-19
§ 2680(h) ...................................................... 20, 21

**Regulations:**

Treasury Regulations (26 C.F.R.):

§ 301.6402-2 ..................................................... 28
§ 301.7433-1 ..................................................... 24

**Miscellaneous:**

Fed. R. App. P. 4(a)(4)(A) ................................... 4

Fed. R. App. P. 4(a)(1)(B) ................................... 4

Fed. R. Civ. P. 59(e) .......................................... 3

17093090.1

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

---

### No. 18-2892

## EDWARD T. KENNEDY,

**Plaintiff-Appellant**

v.

## COMMISSIONER OF INTERNAL REVENUE, DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE AND JOHN DOE, DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE,

**Defendants-Appellees**

## EQUIFAX INC. and RICHARD F. SMITH, CEO, Equifax, Inc.,

**Defendants**

---

## ON APPEAL FROM THE ORDERS OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

## BRIEF FOR THE APPELLEES

---

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

In January 2018, appellant Edward T. Kennedy (taxpayer),

appearing *pro se*, brought this suit for damages allegedly sustained as a

result of tax collection activity by the Internal Revenue Service (IRS).

17093090.1

(S.A. 3, 5, 7-12.)[1]  He named as defendants the Commissioner of
Internal Revenue, the Department of the Treasury, the IRS and John
Doe, an unidentified IRS employee, as well as Equifax, Inc. (Equifax)
and its chief executive officer, Richard F. Smith.  (S.A. 3, 5.)  The
District Court dismissed Equifax and Smith as defendants because
taxpayer had previously raised duplicate claims against them in a
separate lawsuit.  (S.A. 1.)  As discussed below, the District Court
correctly determined that it lacked subject matter jurisdiction over the
suit because there was no pertinent waiver of sovereign immunity by
the United States, the real party in interest.

On June 18, 2018, on the Government's motion to dismiss, the
District Court held that taxpayer's suit is barred by the tax exception to
the Federal Tort Claims Act (FTCA), 28 U.S.C § 2680(c).  (App.,
Opinion.)  The same day, the District Court entered an order granting
the Government's motion and dismissing the complaint with prejudice.
(App., Order.)  The District Court's order, which disposed of all claims of
all parties, was final and appealable.

---

[1] "S.A." references are to the supplemental appendix submitted
with the Government's brief.  "App." references are to the appendix
attached to taxpayer's brief.  "Br." references are to taxpayer's brief.

Taxpayer thereafter filed four post-judgment requests for relief, which the District Court treated as motions for reconsideration. (S.A. 41-42, 43-44, 46-54, 55.) The first two such motions (S.A. 41-42, 43-44) were filed on June 25, 2018, within the time set by Fed. R. Civ. P. 59(e), and the first such motion tolled the time for filing a notice of appeal. The District Court denied these motions on July 2, 2018. (S.A. 45.) Taxpayer filed two further post-judgment motions on July 9 and 13, 2018, respectively (S.A. 46-54, 55), which the District Court denied on July 16, 2018 (S.A. 56).

Where, as here, the District Court does not amend its judgment on first application, any further motion to vacate does not toll the time within which to file a notice of appeal. *Wages v. IRS*, 915 F.2d 1230, 1233 n.3 (9th Cir. 1990); *Charles v. Daley*, 799 F.2d 343, 347-48 (7th Cir. 1986). Accordingly, the time for appealing the District Court's dispositive order of dismissal began to run on July 2, 2018, when the court denied taxpayer's first motion for reconsideration. Taxpayer's notice of appeal (S.A. 57-59), filed on August 24, 2018, is timely and brings up all of the District Court's orders for review, both on the merits

and on reconsideration.  Fed. R. App. P. 4(a)(1)(B), 4(a)(4)(A); 28 U.S.C.

§ 2107(b).  This Court has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

Whether the District Court correctly held that it lacked subject

matter jurisdiction over taxpayer's complaint because his claim for

damages relating to the collection of federal tax is barred by the tax

exception to the FTCA, 28 U.S.C. § 2680(c), and because there is no

other pertinent waiver of sovereign immunity.

The issue was raised in taxpayer's complaint asserting a claim for

damages from federal tax collection (S.A. 7, 11, 12 ¶ 1), was objected to

in the Government's motion to dismiss (S.A. 15-16, 18-22) and was

ruled upon in the District Court's opinion (App., Opinion at 3-4.)

## STATEMENT OF RELATED CASES AND PROCEEDINGS

This case has not been before this Court previously.  We are aware

of a related case pending before this Court, *Edward Thomas Kennedy v.

Commissioner*, No. 18-2895, an appeal from an unreported order of the

Tax Court in No. 11586-18, dismissing the case for lack of jurisdiction.

In that case, taxpayer appeared to challenge the alleged filing of notices

of federal tax liens with respect to his federal income taxes for the years

-5-

2000-2017, which includes 2007, the year at issue in this case. This Court has referred taxpayer's appeal in No. 18-2895 to a panel for determination under 28 U.S.C. § 1915(e)(2) whether to dismiss the appeal as frivolous or whether summary affirmance is appropriate.

## STATEMENT OF THE CASE

Taxpayer, appearing *pro se*, filed a complaint against the Commissioner, the Department of the Treasury, the IRS, an unidentified IRS employee, Equifax and Equifax CEO Richard F. Smith, seeking damages for intentional infliction of emotional distress and loss of reputation. (S.A. 3-14.) Taxpayer complained of a notice from the IRS, demanding payment of a delinquent federal income tax liability for the year 2007 and notifying him that the IRS would levy on up to 15 percent of his Social Security benefits if he did not pay the amount due. (S.A. 7, 8, 12.) Taxpayer also requested that the IRS be enjoined from collection activity against him and that his account be credited in the amount asserted as due. (S.A. 12 ¶ 5.) The District Court dismissed defendants Equifax and Smith because taxpayer had raised duplicate claims against them in a separate lawsuit. (S.A. 1.)

-6-

The United States, as the real party in interest with respect to the remaining defendants, filed a motion to dismiss for lack of jurisdiction and for failure to state a claim, which taxpayer opposed.  (S.A. 15-24; S.A. 25-29).  The District Court (Judge Joseph F. Leeson, Jr.) issued an opinion holding that taxpayer's claim was barred by the tax exception to the FTCA, 28 U.S.C. § 2680(c).  It accordingly issued an order granting the Government's motion and dismissing the complaint with prejudice.  (App., Opinion and Order.)  The court later denied (S.A. 45, 56) four post-judgment motions filed by taxpayer (S.A. 41-42, 43-44, 46-54, 55).

Taxpayer now appeals.

## A.    Taxpayer's complaint

Taxpayer filed a complaint alleging a claim for "Bad Faith Collections and Tort," naming as defendants (as relevant here) the Commissioner, the Treasury Department, the IRS and an unidentified (but later named) IRS employee.  (S.A. 5, 7; S.A. 29 ¶ 18.)  Taxpayer alleged that the IRS had demanded payment from him of a federal income tax liability of $75,957.35 for the year 2007 and had notified him that it intended to levy on up to 15 percent of his Social Security benefits unless he fully paid the liability.  (S.A. 7-8.)  *See* 26 U.S.C.

(Internal Revenue Code) (I.R.C. or the Code) § 6331(a), (h).  In a later filing, taxpayer asserted that the IRS began levying on those benefits in March 2018.  (S.A. 28-29.)

Taxpayer further alleged that he had filed an identity theft claim with the IRS in 2017 relating to a data breach of Equifax.  (S.A. 7.) Although the complaint does not explain how that identity theft claim relates to taxpayer's tax liability for 2007, taxpayer alleged that tax collection activity in the context of the identity theft amounted to intentional infliction of emotional distress.  (S.A. 7, 11, 12.)  Taxpayer also alleged, without further explanation, that he had not amended his 2007 tax return (S.A. 7 ¶ (C)(6)) and that the statute of limitations had expired with respect to a "claim for debt" (*id.*, ¶ (C)(7)) for that year.

Taxpayer requested damages for intentional infliction of emotional distress and for loss of his reputation as "a Roman Catholic priest, a Sanctified healer, and Federal Income Tax Accountant."  (S.A. 12 ¶¶ 1, 3.)  He also requested an injunction directing the IRS to cease all collection activity relating to the 2007 liability and to credit his account in the amount of the liability.  (*Id.*, ¶ 5.)  Finally, taxpayer

-8-

requested punitive damages against an unnamed "insurer" and legal fees.  (*Id.*, ¶¶ 2, 4.)

## B.    The Government's motion to dismiss

The Government filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim.  (S.A. 15-24.)  As a preliminary matter, the Government argued that the United States was the real party in interest and should be substituted for the federal defendants.  (S.A. 18.)

Although the Government acknowledged that the FTCA, 28 U.S.C. §§ 1346(b), 2671-2680, generally waives sovereign immunity for claims for damages sounding in tort, it pointed out that damages arising from the assessment or collection of taxes are expressly barred by 28 U.S.C. § 2680(c).  (S.A. 20.)  The Government also maintained that, to the extent that taxpayer sought to enjoin the IRS from collecting his tax liability for 2007 (S.A. 12), the suit is barred by the Anti-Injunction Act, I.R.C. § 7421(a).  (S.A. 21.)

In the alternative, the Government contended that the complaint should be dismissed for failure to state a claim.  (S.A. 21-24.)  It argued that I.R.C. § 7433 is the exclusive damages remedy for negligent,

reckless or intentional disregard of the Code by an IRS employee in connection with the collection of federal taxes.  (S.A. 22-24.)  The Government argued, however, that the IRS is authorized to levy on Social Security benefits under I.R.C. § 6331(h) and that taxpayer had failed to set forth any factual allegations from which it could be inferred that the levy was unlawful.  (S.A. 23.)

In response, taxpayer did not respond to the Government's arguments that the FTCA and the Anti-Injunction Act barred his suit. (S.A. 25; S.A. 26-29.)  He also expressly denied any reliance on I.R.C. § 7433, stating that it was "not relevant to this case."  (S.A. 25 ¶ 4.) Instead, taxpayer maintained for the first time that his claim arose under 15 U.S.C. § 1692d of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, which prohibits "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  (S.A. 27 ¶ 6.)  Invoking the District Court's federal question jurisdiction under 28 U.S.C. § 1331, taxpayer asserted that the IRS was not licensed to conduct business in Pennsylvania and "thus may have committed interstate-crimes" by collecting his tax debt.  (S.A. 29 ¶ 21.)  Taxpayer also elaborated on the

-10-

factual allegations in the complaint by asserting that the IRS knew that he had been "harmed by Identity Theft, but [it] continued to try to collect on a false and/or fake debt," while assuring him that it would not levy while his identity theft claim was being investigated.  (S.A. 28-29 ¶¶ 15-16.)

In its reply, the Government argued, *inter alia*, that although 28 U.S.C. § 1331 confers federal question jurisdiction on the district courts, it does not provide a waiver of sovereign immunity.  (S.A. 32.)  The Government further argued that the FDCPA does not apply to the IRS because the IRS is not a "debt collector," nor are federal taxes "debts," within the meaning of that statute.  (S.A. 33-34.)

## C.    The District Court's opinion

The District Court issued an opinion holding that it lacked jurisdiction over the complaint.  (App., Opinion.)  The court first agreed with the Government that the United States was the real party interest in this case.  (*Id.* at 3.)  The District Court then determined that taxpayer's claim for damages fell within the tax exception to the FTCA. It reasoned that, "as he contends he suffered emotional distress because he received a letter from the IRS informing him that he owed federal

taxes," taxpayer's claim "plainly arises 'in respect of the assessment or collection of [a] tax.'" (*Id.* at 4 (quoting from 28 U.S.C. § 2680(c)).)

The District Court also determined that the complaint must be dismissed with prejudice because amendment would be futile where there is no waiver of sovereign immunity "as to torts that arise from the collection of tax dollars." (*Id.* (quotation and citation omitted)). In so concluding, the court noted that taxpayer had denied any reliance on I.R.C. § 7433 as an alternative basis for his claim. (*Id.* at 2 n.1.) Finally, the court denied as moot several pending motions for summary judgment filed by taxpayer and a motion he filed seeking to enjoin collection. (*Id.* at 4 n.3; *see also* App., Docket, entries 11, 17, 18, 19, 22.)

The District Court entered an order granting the Government's motion and dismissing the complaint with prejudice.[2] (App., Order.)

---

[2] Taxpayer also filed three documents that were signed and dated by taxpayer shortly before the District Court issued the June 16, 2018 opinion and order, but which were docketed after the opinion and order were entered on the docket. (App., Docket, entries 27, 29, 30.) Two of the documents were motions which the District Court later denied as moot in light of its opinion and order dismissing the complaint. (S.A. 40.) The other document, styled as a "Notice and Objection" addressing purported misconduct by trial counsel for the Government (App., Docket, entry 27), was not treated as a motion by the District Court.

### D. Taxpayer's post-judgment filings

Taxpayer filed two largely duplicative documents styled as "Notice and Objections" to the order of dismissal.  (S.A. 41-42, 43-44.)  In those documents, among other things, taxpayer asserted that the District Court lacked jurisdiction over this case (S.A. 44 ¶¶ 8-9) and requested that the judge resign from office and that the case be reassigned to a new judge.  (S.A. 42 ¶ 10; S.A. 44 ¶¶ 8-9, 13, 14).  Treating the documents as motions for reconsideration, the District Court denied them.  (S.A. 45.)  It pointed out that taxpayer had not shown a manifest error of law in the order of dismissal, nor had he presented any newly discovered evidence.  (*Id.*)

Shortly thereafter, taxpayer filed two additional post-judgment requests for relief.  (S.A. 46-54, 55.)  Taxpayer objected generally to the order denying his previous motions for reconsideration and again requested that the judge resign and that the case be reassigned to a new judge.  (*Id.*)  The District Court denied both motions, reasoning that taxpayer had not presented any grounds for reconsideration of its previous orders.  (S.A. 56.)

This appeal followed.  (S.A. 57-59.)

-13-

# SUMMARY OF ARGUMENT

1.    Taxpayer brought this suit for damages from emotional distress and loss of reputation after the IRS demanded payment of a federal income tax liability for 2007 and notified him that, unless he paid this liability, it would levy on up to 15 percent of his Social Security benefits to satisfy it.  Because there is no pertinent waiver of sovereign immunity, the District Court correctly granted the Government's motion to dismiss.

To be sure, the Federal Tort Claims Act (FTCA) generally waives sovereign immunity for tort claims against the United States.  The tax exception to the FTCA, however, provides that sovereign immunity is not waived for "[a]ny claim arising in respect to the assessment or collection of any tax . . . ."  28 U.S.C. § 2680(c).  Because taxpayer is claiming damages arising from tax collection activity, his injury plainly falls within the tax exception to the FTCA.  In any event, taxpayer's failure to exhaust his administrative remedies is fatal to any such claim.

Taxpayer's argument below that his suit arises under the Fair Debt Collection Practices Act (FDCPA) also fails.  The United States

simply is not a "debt collector," nor are federal tax debts "debts," within the meaning of the FDCPA.

Notably, taxpayer disclaimed any reliance on I.R.C. § 7433, which provides the exclusive remedy for damages for actual economic losses resulting from unauthorized tax collection activity. In any event, insofar as the complaint alleges unauthorized conduct related to a levy on taxpayer's Social Security benefits, the claim does not fall within the scope of § 7433. To the contrary, I.R.C. § 6331(h) expressly authorizes a continuous levy on up to 15 percent of a taxpayer's Social Security benefits to collect a delinquent liability. Any such claim would also fail because taxpayer did not allege or otherwise show that he exhausted his administrative remedies before filing suit.

Taxpayer's separate request for a refund of amounts collected was not raised in the complaint. It would fail in any event because he did not allege or show that he fully paid the liability for 2007 and exhausted his administrative remedies before filing suit.

2. Insofar as taxpayer seeks an injunction against collection, his request runs afoul of the Anti-Injunction Act, I.R.C. § 7421(a). The Act prohibits suits for the purpose of restraining the assessment or

-15-

collection of any tax. Taxpayer's request for an order prohibiting the IRS from levying on his Social Security benefits and directing it to amend its records to eliminate his 2007 income tax liability is precisely the type of relief barred by the Anti-Injunction Act.

3. Finally, the District Court did not err in denying taxpayer's motions for reconsideration. Taxpayer did not show that there was any intervening change in the controlling law, that any newly discovered evidence had become available or that there was a need to correct a clear error of law or to prevent injustice. He makes no serious argument to the contrary on appeal.

## ARGUMENT

### The District Court correctly held that it lacked subject matter jurisdiction over taxpayer's complaint

### Statement of the standard or scope of review

This Court reviews *de novo* a district court's decision to grant a motion to dismiss for lack of subject matter jurisdiction. *Metropolitan Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007).

### A.   There is no pertinent waiver of sovereign immunity for taxpayer's claim for damages

As sovereign, the United States is immune from suit, except as it expressly consents to be sued, and the terms of such consent define the

court's jurisdiction. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Treasurer of New Jersey v. U.S. Dept. of Treasury*, 684 F.3d 382, 396 (3d Cir. 2012). As we explain below, the District Court correctly dismissed the complaint on the ground that taxpayer's suit fell within the tax exception to the waiver of sovereign immunity made by the FTCA (App., Opinion), and no other waiver of sovereign immunity applies here. Because amendment would be futile where no waiver of sovereign immunity exists, the District Court correctly dismissed the complaint with prejudice. (*Id.* at 4.)

At the outset, the District Court correctly determined that the United States was the real party in interest, effectively substituting it as defendant in place of the Commissioner, the Treasury, the IRS and the unidentified IRS employee named as defendants. (*Id.* at 3-4.) The FTCA expressly authorizes such a substitution. *See* 28 U.S.C. § 2679(b); *CNA v. United States*, 535 F.3d 132, 138 n.2, 141 (3d Cir. 2008); *Dambach v. United States*, 211 Fed. Appx. 105, 108 (3d Cir. 2006). Likewise, although taxpayer denied bringing a claim for damages for unauthorized collection activity under I.R.C. § 7433, *see* S.A. 25 ¶ 4, insofar as he alleged that his Social Security benefits were

unlawfully collected, that waiver is similarly limited plaintiffs to suits

against the United States.  I.R.C. § 7433(a).

### 1.   The complaint does not fall within the waiver of sovereign immunity provided in the Federal Tort Claims Act

### a.   Statutory background

The FTCA waives sovereign immunity with regard to tort actions

as provided therein.  Section 2674 of Title 28, U.S.C., generally provides

that "[t]he United States shall be liable, respecting the provisions of

this title relating to tort claims, in the same manner and to the same

extent as a private individual under like circumstances."  The scope of a

district court's subject matter jurisdiction when the United States is a

defendant in a tort suit is coextensive with the limited waiver of

sovereign immunity made by the FTCA.  *See* 28 U.S.C. § 1346(b)(1); *see*

*also Treasurer of New Jersey*, 684 F.3d at 396; *Hornbeck Offshore*

*Transportation, LLC v. United States*, 569 F.3d 506, 512 (D.C. Cir.

2009).

The FTCA "did not waive the sovereign immunity of the United

States in all respects, however; Congress was careful to except from the

Act's broad waiver of immunity several important classes of tort

claims." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 808 (1984). "Where a § 2680 exception applies, the United States has not waived its immunity from suit, and a court lacks jurisdiction over such claims." *Cervantes v. United States*, 330 F.3d 1186, 1188 (9th Cir. 2003); *Lichtman v. United States*, 316 Fed. Appx. 116, 120 (3d Cir. 2008). As relevant here, § 2680(c) of the FTCA provides, in pertinent part, that sovereign immunity is not waived for "[a]ny claim arising in respect to the assessment or collection of any tax . . . ." This suit falls squarely within that prohibition.

### b.    The tax exception to the FTCA bars taxpayer's claim for damages

Taxpayer's claim for damages for intentional infliction of emotional distress and loss of reputation plainly is related to the collection of his 2007 tax liability. Consequently, it is barred by the tax exception to the FTCA. As the complaint shows, and as the District Court noted (App., Opinion at 4), taxpayer claimed that his emotional distress and loss of reputation stemmed from an IRS notice demanding payment and informing him of its intent to levy on up to 15 percent of his Social Security benefits if he did not pay the liability. (S.A. 7-8.) Taxpayer characterized the notice as a "collection letter" in the

complaint.  (S.A. 7 ¶ B.)  Taxpayer also sought to stop all collection

relating to the 2007 liability (S.A. 12 ¶ 5), and he later asserted that the

IRS had levied on his Social Security benefits (S.A. 28-29).

Under any reading of his complaint, taxpayer's claim for damages

plainly was a "claim arising in respect to the assessment or collection of

any tax" for purposes of § 2680(c).  A demand for payment, a notice of

intent to levy and a levy are quintessential tax collection actions, and it

is of those actions that taxpayer complains.  The District Court

therefore properly dismissed the complaint with prejudice because

amendment of the complaint would have been futile.  (App., Order.)

On appeal, taxpayer attempts to undermine the District Court's

conclusion by asserting (Br. 3 ¶¶ 2(f)-(g); Br. 4 ¶ 3(b)) that damages for

emotional distress are permitted under a recent decision, *Hunsaker v.*

*United States*, 902 F.3d 963 (9th Cir. 2018).  (That decision, with which

we disagree, has not yet become final.)  There, the Ninth Circuit upheld

a damages award against the United States for emotional distress

where federal tax collection activity violated the automatic stay

imposed by the Bankruptcy Code in 11 U.S.C. § 362(k).  902 F.3d at

965.  The Ninth Circuit concluded that the damages award fell within

the waiver of sovereign immunity in 11 U.S.C § 106(a), which purports

to abrogate the sovereign immunity of a "governmental unit" with

respect to certain provisions of the Bankruptcy Code, including the

automatic stay provision.  902 F.3d at 966.  Setting aside that a decision

of the Ninth Circuit is not binding on this Court, whether the

Bankruptcy Code waives sovereign immunity for a violation of the

automatic stay has no application to this case.

Taxpayer also attempts to pursue a different ground for his tort

claim, that is, that the IRS "lied, mislead [sic], misconstrued, [and]

misrepresented" (Br. 6-7 ¶ ¶ 3(p)-(r)) information to him.[3]  Taxpayer's

complaint, however, asserts only a claim for damages for intentional

infliction of emotional distress and loss of reputation.  (S.A. 11-12.)  In

any event, the FTCA also excepts from its coverage "claims arising out

of . . . misrepresentation [or] deceit . . . ."  28 U.S.C. § 2680(h).  As a

result, even if taxpayer had alleged facts purporting to show that he

_____

[3] Although the factual basis for taxpayer's argument is unclear, it may be related to taxpayer's assertion below, in response to the motion to dismiss, that an IRS employee stated in a March 2018 letter that the IRS would not levy on his Social Security benefits while his identity theft claim was being investigated.  (S.A. 28-29; *see also* Br. 4 ¶ 3(b); Br. 6 ¶ 3(p); Br. 7 ¶ 3(v).)

relied on misrepresentations by the IRS, his claim would fall "squarely" within the exception provided in § 2680(h). *Beneficial Consumer Disc. Co. v. Poltonowicz*, 47 F.3d 91, 96 (3d Cir. 1995) (finding that the plaintiff's reliance on an alleged IRS misrepresentation that the plaintiff would not be liable for its disclosure of customer account information to the IRS fell "squarely" within § 2680(h)).

Finally, taxpayer's claim would fail at all events because the FTCA requires administrative exhaustion as a condition of the waiver of sovereign immunity. 28 U.S.C. § 2675(a). "No claim can be brought under the FTCA unless the plaintiff first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim. . . . This requirement is jurisdictional and cannot be waived." *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015) (citations omitted). Taxpayer has not alleged or argued that he filed any administrative claim prior to bringing suit.

### 2.    Sovereign immunity for taxpayer's claim is not waived by the Fair Debt Collection Practices Act

Before the District Court, taxpayer contended – for the first time in his response to the Government's motion to dismiss (S.A. 27) – that his claim does not arise under the FTCA, but, instead, that it arises

under § 1692d of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*. (S.A. 27 ¶¶ 5-10.) *See also* p. 9, *supra*. On appeal, taxpayer asserts only in passing (Br. 4-5 ¶ 3(d)) that the collection at issue is unlawful because the IRS is not licensed to collect debts in Pennsylvania. To the extent taxpayer has preserved this issue on appeal, his position lacks merit.

The FDCPA prohibits a "debt collector" from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. The sparse facts recited in the complaint expressly encompass a claim for intentional infliction of emotional distress and loss of reputation, and not a claim for harassment, oppression or abuse. (S.A. 7, 11-12.) Taxpayer also repeatedly asserted below that his claim was one for intentional infliction of emotional distress and harm to his identity. *See, e.g.*, S.A. 27-29 ¶¶ 10-11, 20; S.A. 37 ¶ 3; S.A. 39 ¶ 3.

In any event, as the Government pointed out below (S.A. 33-34), the FDCPA expressly excludes "any officer or employee of the United States" from the definition of "debt collector" where that officer or employee is "collecting or attempting to collect any debt . . . in the

performance of his official duties." 15 U.S.C. § 1692a(6)(C). IRS agents are not "debt collector[s]" within the meaning of FDCPA. *Al-Sharif v. United States*, 296 Fed. Appx. 740, 742 (11th Cir. 2008). Nor are federal taxes "debts" as defined by the FDCPA, because they do not arise out of a "consumer . . . transaction." 15 U.S.C § 1692a(5); *see Berman v. GC Servs. Ltd. P'ship*, 146 F.3d 482, 486-87 (7th Cir. 1998). Because the FDCPA plainly does not apply in the circumstances here, it does not provide a waiver of sovereign immunity.

### 3. Taxpayer's claim for damages does not fall within the waiver of sovereign immunity in § 7433 of the Code

As we argued below (S.A. 31, 34-36; *see also* S.A. 22-24), the only possible waiver of sovereign immunity for taxpayer's damages claim is found in § 7433 of the Code. Section 7433 provides the "exclusive" remedy for damages for unauthorized collection activity, but only to the extent of "actual, direct economic damages sustained" up to a statutory maximum of $1,000,000 ($100,000, in the case of negligence), plus costs. I.R.C. § 7433(a), (b). The pertinent Treasury Regulations provide that "[i]njuries such as inconvenience, emotional distress and loss of reputation are compensable only to the extent that they result in actual

-24-

pecuniary damages." Treas. Reg. § 301.7433-1 (26 C.F.R.); *see Music v. United States*, 17 F. Supp. 3d 1327, 1335 (N.D. Ga. 2014).

The District Court did not find it necessary to address the Government's arguments regarding § 7433 because taxpayer denied any reliance on § 7433 in this case. (App., Opinion at 2 n.1; *see also* S.A. 25 ¶ 4.) Taxpayer also makes no argument on appeal that § 7433 applies to his claim. As a result, he has waived any argument that § 7433 applies. *Ethypharm S.A. France v. Abbott Labs.*, 707 F.3d 223, 231 n.13 (3d Cir. 2013).

In any event, insofar as the complaint seeks damages for unlawful collection activity, the claim does not fall within the limited waiver of sovereign immunity contained in § 7433. The gravamen of taxpayer's complaint is that the IRS issued a notice and demand for payment and "threatened unlawful[ly]" (S.A. 7 ¶ B) to levy on his Social Security benefits, while knowing that taxpayer was the victim of identity theft for which Equifax was responsible. The complaint does not explain how these disparate facts are related. Nor does it indicate how any IRS officer or employee "recklessly or intentionally, or by reason of negligence, disregard[ed]" any provision of the Internal Revenue Code

or related Treasury Regulations, as § 7433(a) requires.  Indeed, the

Code specifically authorizes a continuous levy on up to 15 percent of

Social Security benefits in order to satisfy a taxpayer's delinquent tax

liability.  I.R.C. § 6331(a), (h); § 6334(c); *United States v. Snyder*, 327

Fed. Appx. 323, 325-26 & n.5 (3d Cir. 2009).

Similarly, the complaint's allegation that that the IRS's "claim for

debt" for 2007 was barred by the applicable statute of limitations (S.A. 7

¶ C(7)) also falls outside the waiver of sovereign immunity contained in

§ 7433.  On appeal, taxpayer elaborates on this assertion by contending

that the IRS asserted "fake debt, based on fake returns" (Br. 4 ¶ 3(b))

for the years 2001 through 2016 (Br. 5 ¶ 3(h); s*ee also* S.A. 28-29 ¶¶ 15,

17), although the complaint relates only to the year 2007 (S.A. 7, 8, 12).

To the extent that taxpayer is complaining of the determination or

assessment of the underlying liability beyond the purported expiration

of the statute of limitations on assessment in I.R.C. § 6501(a), such a

claim falls beyond the scope of § 7433.  The statute provides for the

award of damages for unauthorized collection activity, not activity

related to the erroneous determination or assessment of a liability.

*Shreiber v. Mastrogiovanni*, 214 F.3d 148, 150-53 (3d Cir. 2000)

(discussing legislative history of § 7433).[4]

On appeal, taxpayer contends (Br. 5-6) that the levy on his Social

Security benefits was unlawful because the IRS failed to verify his

alleged "fake" (Br. 4 ¶ 3(c)) amended returns for 2001 through 2016.[5]

Again, this case addresses only the year 2007.  (S.A. 7, 12.)  And insofar

as taxpayer contends that collection of the liability for 2007 was

unauthorized because the underlying assessment is erroneous for being

---

[4] In any event, the complaint is devoid of factual allegations from which it could be determined that an assessment was not timely made. Nor does the complaint contain any allegations indicating that the statute of limitations imposed by § 6502 of the Code on collecting an assessment had expired (although damages for such a violation would fall within § 7433).  Notably, although an assessment generally must be made within three years of filing the return in question, *see* I.R.C. § 6501(a), and an assessment generally must be collected within 10 years, *see* I.R.C. § 6502, each statute contains exceptions to the general rule, while § 6503 of the Code suspends the running of the respective statutes of limitations in certain circumstances.

[5] Taxpayer's allegation on this score appears to have been raised for the first time in a motion for summary judgment in which taxpayer argued that the IRS had failed to "verify any debt the plaintiff owes." (S.A. 38 ¶ 5.)  The District Court denied the motion as moot in light of its determination that it lacked jurisdiction over the complaint.  (App., Opinion at 4 n.3.)

based on falsified returns, as just noted, § 7433 does not provide a remedy for the erroneous determination or assessment of a tax.

Finally, taxpayer's claim for damages would fail under § 7433 because he has not alleged or shown that he exhausted his administrative remedies before filing suit, as § 7433(d)(1) requires. Although the failure to exhaust administrative remedies is not jurisdictional, the exhaustion requirement in § 7433(d) "imposes an obligation a plaintiff must fulfill before filing a suit for damages." *Hassen v. Government of Virgin Islands*, 861 F.3d 108, 113-14 (3d Cir. 2017).

### 4. Taxpayer has not brought himself within the waiver of sovereign immunity for a refund claim

On appeal, taxpayer asks this Court to order the IRS to "return . . . all the funds" (Br. 10 ¶ 8(c)) collected from him. This request for a refund was not raised in the complaint (S.A. 3-12), and appears to have been raised for the first time below in a motion (App., Docket, entry 19) that was denied by the District Court as moot in light of its order to dismiss the case for lack of jurisdiction (App., Opinion at 4 n.3). Even if the complaint could be construed as requesting a refund, the United States has not waived its sovereign immunity where, as

-28-

here, the plaintiff has not alleged or shown that he fully paid the outstanding liability, that he filed a timely administrative claim for refund with the IRS, and either that the claim was denied or six months had elapsed without action being taken thereon.  I.R.C. §§ 6511(a), 6532(a)(1), 7422(a); 28 U.S.C. § 1346(a)(1); Treas. Reg. § 301.6402-2 (26 C.F.R.); *United States v. Dalm*, 494 U.S. 596, 602 (1990); *Flora v. United States*, 362 U.S. 145, 177 (1960); *Philadelphia Marine Trade Ass'n–Int'l Longshoremen's Ass'n Pension Fund v. Commissioner*, 523 F.3d 140, 146 (3d Cir. 2008).  These requirements are jurisdictional in nature.  *Flora*, 357 U.S. at 72-73, 75; *Hassen*, 861 F.3d at 114. Consequently, the District Court lacked jurisdiction over any potential refund claim.

## B.    The Anti-Injunction Act bars taxpayer's request for equitable relief

On appeal, taxpayer renews his request in the complaint (S.A. 12 ¶ 5) for an injunction prohibiting collection of his 2007 liability and directing the IRS to correct its records to eliminate any liability.  *See* Br. 10 ¶¶ 8(c), (d).  Although the District Court did not address the Government's argument on this score (S.A. 21), the Anti-Injunction Act, I.R.C. § 7421(a), precludes this request.

The Anti-Injunction Act provides that, with certain exceptions that are not relevant here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person."  I.R.C. § 7421(a).  The "manifest" purpose of the Anti-Injunction Act is "to allow the United States to assess and collect taxes without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund."  *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 7 (1962); *see also Zarra v. United States*, 254 Fed. Appx. 931, 933 (3d Cir. 2007).  A suit that seeks injunctive relief in violation of the Anti-Injunction Act is subject to dismissal for lack of jurisdiction.  *Zarra*, 254 Fed. Appx. at 933 (citing *Williams Packing*, 370 U.S. at 7).

The equitable relief taxpayer seeks plainly would restrain assessment by requiring the IRS to stop levying on his Social Security payments and to amend its records to eliminate his 2007 income tax liability reflected in the notice.  (S.A. 8, 12 ¶ 5; Br. 10 ¶¶ 8(c), (d).)  This is precisely the type of relief that the Anti-Injunction Act prohibits.  *See United States v. Snyder*, 327 Fed. Appx. 323, 326 (3d Cir. 2009) (holding

that the Anti-Injunction Act barred the taxpayers' bid to enjoin the garnishment of their Social Security checks to satisfy their tax liability).

Although a judicial exception to the Act's scope has been recognized, it is very limited and does not apply here. Injunctive relief against assessment or collection may issue where (i) under the most liberal view of the law and the facts, the Government has no chance of prevailing on the merits and (ii) equity jurisdiction otherwise exists, *i.e.*, that, absent an injunction, irreparable harm for which there is no adequate remedy at law would result. *Williams Packing*, 370 U.S. at 6-7. Nothing in the complaint suggests that the Government could not prevail on its demand for payment of taxpayer's 2007 liability, and taxpayer does not allege that he would be irreparably harmed by collection. Moreover, he has an adequate remedy at law in the form of a suit for refund. *Bob Jones Univ. v. Simon*, 416 U.S. 725, 746-47 (1974).

## C.    The District Court did not err in denying taxpayer's motions for reconsideration

The District Court did not abuse its discretion in denying taxpayer's motions for reconsideration (S.A. 45, 56) because taxpayer did not establish any of the three grounds required for reconsideration. Those grounds are "(1) an intervening change in controlling law; (2) the

availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). Taxpayer makes no serious argument to the contrary on appeal.

Taxpayer did not point to any intervening change in controlling law before the District Court. (S.A. 41-42, 43-44, 46-54, 55.) On appeal, taxpayer points only to the *Hunsaker* decision as recent precedent, and it has no application here. *See* pp. 19-20, *supra*.

Further, taxpayer did not show that the only evidence he submitted in support of his motions – an exhibit titled "Law of the Case" (S.A. 47-54)[6] – was new evidence that was unavailable when the District Court ruled on the motion to dismiss. The exhibit is patently frivolous, as it contains a "hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish." *Sauers v. Commissioner*, 771 F.2d 64, 67 (3d Cir. 1985).

Finally, taxpayer did not establish that the District Court clearly erred in any way. Nor did he show that reconsideration was necessary

---

[6] Taxpayer attaches a similar, but not identical, "Law of the Case" exhibit to his brief. *See* Br., Exh. 1.

to prevent manifest injustice.  *See Lazaridis*, 591 F.3d at 669.  To the

contrary, as we have already shown, the District Court's decision is

correct.

-33-

# CONCLUSION

The orders of the District Court should be affirmed.

Respectfully submitted,

RICHARD E. ZUCKERMAN
  *Principal Deputy Assistant Attorney*
  *General*

/s/ Kathleen E. Lyon

TERESA E. MCLAUGHLIN          (202) 514-4342
KATHLEEN E. LYON              (202) 307-6370
  *Ohio Bar No.* 0069517
  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*

*Of Counsel:*

WILLIAM M. MCSWAIN
  *United States Attorney*

NOVEMBER 2018

-34-

## CERTIFICATE OF BAR MEMBERSHIP

Pursuant to Local Rule 28.3(d), it is hereby certified that, because

the attorneys on this brief represent the Federal Government, the

requirement that at least one attorney must be a member of the Bar of

this Court is waived.

 /s/ Kathleen E. Lyon
KATHLEEN E. LYON
*Attorney for the Appellee*

# CERTIFICATE OF COMPLIANCE

## Certificate of Compliance With Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

1.  This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

    [X]    this document contains 6,469 words, **or**

    [ ]    this brief uses a monospaced typeface and contains _____ lines of text.

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [X]    this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in Century Schoolbook 14, **or**

    [ ]    this brief has been prepared in a monospaced typeface using _____ with _____.

3.  The undersigned hereby further certifies that the foregoing brief filed electronically with the Court is in PDF searchable format, that the text of the PDF copy is identical to the text of the paper copy, that the PDF version has been electronically scanned for viruses with the System Center Endpoint Protection 2016 (updated daily), and that, according to the program, no viruses were detected.

(s)   /s/ Kathleen E. Lyon

Attorney for  Appellee

Dated:   November 6, 2018

17093090.1

# ADDENDUM

## Fair Debt Collection Practices Act (15 U.S.C.)

### § 1692a    Definitions

As used in this subchapter –

*  *  *

(5) The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

(6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. *  *  *  The term does not include--

>   *  *  *
>   (C) any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties;

  *  *  *

### § 1692d    Harassment or abuse

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. *  *  *

**Internal Revenue Code of 1986 (26 U.S.C.)**

**§ 6331      Levy and distraint**

(a) Authority of Secretary.--If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. Levy may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, by serving a notice of levy on the employer (as defined in section 3401(d)) of such officer, employee, or elected official. If the Secretary makes a finding that the collection of such tax is in jeopardy, notice and demand for immediate payment of such tax may be made by the Secretary and, upon failure or refusal to pay such tax, collection thereof by levy shall be lawful without regard to the 10-day period provided in this section.

* * *

(h) Continuing levy on certain payments.--

(1) In general.--If the Secretary approves a levy under this subsection, the effect of such levy on specified payments to or received by a taxpayer shall be continuous from the date such levy is first made until such levy is released. Notwithstanding section 6334, such continuous levy shall attach to up to 15 percent of any specified payment due to the taxpayer.

(2) Specified payment.--For the purposes of paragraph (1), the term "specified payment" means--

-38-

(A) any Federal payment other than a payment for which eligibility is based on the income or assets (or both) of a payee,

(B) any payment described in paragraph (4), (7), (9), or (11) of section 6334(a), and

(C) any annuity or pension payment under the Railroad Retirement Act or benefit under the Railroad Unemployment Insurance Act.

\* \* \*

## § 6334    Property exempt from levy

\* \* \*

(c) No other property exempt.--Notwithstanding any other law of the United States (including section 207 of the Social Security Act), no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a).

## § 6501    Limitations on assessment and collection

(a) General rule.--Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period. For purposes of this chapter, the term "return" means the return required to be filed by the taxpayer (and does not include a return of any person from whom the taxpayer has received an item of income, gain, loss, deduction, or credit).

\* \* \*

## § 6502     Collection after assessment

(a) Length of period.--Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun--

(1) within 10 years after the assessment of the tax * * *

* * *

## § 6511(a)   Limitations on credit or refund

(a) Period of limitation on filing claim.--Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the the tax was paid.

* * *

## § 6532     Periods of limitation on suits

(a) Suits by taxpayers for refund.--

(1) General rule.--No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the

-40-

Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

\* \* \*

### § 7421    Prohibition of suits to restrain assessment or collection

(a) Tax.--Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6232(c), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

\* \* \*

### § 7422    Civil actions for refund

(a) No suit prior to filing claim for refund.--No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

\* \* \*

### § 7433    Civil damages for certain unauthorized collections actions

(a) In general.--If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation

promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

(b) Damages.--In any action brought under subsection (a) or petition filed under subsection (e), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the lesser of $1,000,000 ($100,000, in the case of negligence) or the sum of--

> (1) actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional or negligent actions of the officer or employee, and
> (2) the costs of the action.

*  *  *

(d) Limitations.--

> (1) Requirement that administrative remedies be exhausted.--A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.
> *  *  *
> (3) Period for bringing action.--Notwithstanding any other provision of law, an action to enforce liability created under this section may be brought without regard to the amount in controversy and may be brought only within 2 years after the date the right of action accrues.

**28 U.S.C.**

**§ 1346    United States as defendant**

(a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws; * * *

* * *

(b)(1) Subject to the provisions of chapter 171 of this title, the district courts, . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

**Federal Tort Claims Act (28 U.S.C.)**

**§ 2674    Liability of the United States**

The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

* * *

-43-

## § 2675    Disposition by federal agency as prerequisite; evidence

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. * * *

  * * *

## § 2679    Exclusiveness of remedy

(a) The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.

(b)(1) The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee.  Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

(2) Paragraph (1) does not extend or apply to a civil action against an employee of the Government--

> (A) which is brought for a violation of the Constitution of the United States, or
> (B) which is brought for a violation of a statute of the United States under which such action against an individual is otherwise authorized.

## § 2680    Exceptions

The provisions of this chapter and section 1346(b) of this title shall not apply to--

\* \* \*

(c) Any claim arising in respect of the assessment or collection of any tax . . . \* \* \*

\* \* \*

(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: Provided, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.
\* \* \*

-45-

**Treasury Regulations (26 C.F.R.)**

**§ 301.6402-2    Claim for credit or refund**

(a) Requirement that claim be filed.

(1) Credits or refunds of overpayments may not be allowed or made after the expiration of the statutory period of limitation properly applicable unless, before the expiration of such period, a claim therefor has been filed by the taxpayer. Furthermore, under section 7422, a civil action for refund may not be instituted unless a claim has been filed within the properly applicable period of limitation.

(2) Except as provided in paragraph (b) of § 301.6091–1 (relating to hand-carried documents), if a taxpayer is required to file a claim for credit or refund using a particular form, then the claim, together with appropriate supporting evidence, shall be filed in a manner consistent with such form, form instructions, publications, or other guidance found on the IRS.gov Web site. If a taxpayer is filing a claim in response to an IRS notice or correspondence, then the claim must be filed in accordance with the specific instructions contained in the notice or correspondence regarding the manner of filing. Any other claim not described in the preceding sentences generally must be filed with the service center at which the taxpayer currently would be required to file a tax return for the type of tax to which the claim relates or via the appropriate electronic portal. * * *

(b) Grounds set forth in claim.

(1) No refund or credit will be allowed after the expiration of the statutory period of limitation applicable to the filing of a claim therefor except upon one or more of the grounds set forth in a claim filed before the expiration of such period. The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the

Commissioner of the exact basis thereof. The statement of the grounds and facts must be verified by a written declaration that it is made under the penalties of perjury. A claim which does not comply with this paragraph will not be considered for any purpose as a claim for refund or credit. * * *

\* \* \*

## § 301.7433-1    Civil cause of action for certain unauthorized collection actions

(a) In general. If, in connection with the collection of a federal tax with respect to a taxpayer, an officer or an employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of the Internal Revenue Code or any regulation promulgated under the Internal Revenue Code, such taxpayer may bring a civil action for damages against the United States in federal district court. The taxpayer has a duty to mitigate damages. The total amount of damages recoverable is the lesser of $1,000,000 ($100,000 in the case of negligence), or the sum of:

>   (1) The actual, direct economic damages sustained as a proximate result of the reckless or international actions of the officer or employee; and

>   (2) Costs of the action.

An action for damages filed in federal district court may not be maintained unless the taxpayer has filed an administrative claim pursuant to paragraph (e) of this section, and has waited for the period required under paragraph (d) of this section.

(b) Actual, direct economic damages—

>   (1) Definition. Actual, direct economic damages are actual pecuniary damages sustained by the taxpayer as the

-47-

proximate result of the reckless or intentional, or negligent, actions of an officer or an employee of the Internal Revenue Service. Injuries such as inconvenience, emotional distress and loss of reputation are compensable only to the extent that they result in actual pecuniary damages.

\* \* \*

(d) No civil action in federal district court prior to filing an administrative claim—

(1) Except as provided in paragraph (d)(2) of this section, no action under paragraph (a) of this section shall be maintained in any federal district court before the earlier of the following dates:
> (i) The date the decision is rendered on a claim filed in accordance with paragraph (e) of this section; or
> (ii) The date six months after the date an administrative claim is filed in accordance with paragraph (e) of this section.

(2) If an administrative claim is filed in accordance with paragraph (e) of this section during the last six months of the period of limitations described in paragraph (g) of this section, the taxpayer may file an action in federal district court any time after the administrative claim is filed and before the expiration of the period of limitations.

## CERTIFICATE OF SERVICE

It is hereby certified that on November 6, 2018:  (1) seven copies of

this brief were sent by First Class Mail to the Clerk; (2) a PDF copy was

electronically filed by CM/ECF; and (3) a copy was sent by First Class

Mail to the appellant, appearing *pro se*, at the address below:

> Edward T. Kennedy
> 401 Tillage Road
> Breinigsville, PA  18031


<u>    s/ Kathleen E. Lyon    </u>
KATHLEEN E. LYON
*Attorney*