# No. 18-2892

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

---

### EDWARD T. KENNEDY,

Plaintiff-Appellant

v.

### COMMISSIONER OF INTERNAL REVENUE, DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE AND JOHN DOE, DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE,

Defendants-Appellees

### EQUIFAX INC. and RICHARD F. SMITH, CEO, Equifax, Inc.,

Defendants

---

## ON APPEAL FROM THE ORDERS OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

## SUPPLEMENTAL APPENDIX

---

RICHARD E. ZUCKERMAN
*Principal Deputy Assistant Attorney General*

TERESA E. MCLAUGHLIN    (202) 514-4342
KATHLEEN E. LYON    (202) 307-6370
*Attorneys*
*Tax Division*
*Department of Justice*
*Post Office Box 502*
*Washington, D.C. 20044*

*Of Counsel:*

WILLIAM M. MCSWAIN
*United States Attorney*

17075527.1

# CONTENTS

| <u>Date</u> | <u>Doc. No.</u> | <u>Description</u> | <u>Page No.</u> |
|---|---|---|---|
| 01/31/18 | 2 | Order | 1 |
| 01/31/18 | 3 | Complaint | 3 |
| 04/06/18 | 5 | Motion to Dismiss by United States | 15 |
| | 5-1 | —Brief in Support (excerpts) | 17 |
| 04/19/18 | 9 | Plaintiff's Motion to Deny Defendant's Motion to Dismiss (excerpt) | 25 |
| 04/19/18 | 10 | Plaintiff's Memo. in Response to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim Pursuant to Federal Rules of Civil Procedure 12(B)(6) (excerpts) | 26 |
| 04/26/18 | 14 | Reply in Support of the United States' Motion to Dismiss (excerpts) | 30 |
| 05/16/18 | 17 | Plaintiff's Motion for Summary Judgment (excerpt) | 37 |
| 05/18/18 | 18 | Plaintiff's Motion for Summary Judgment with Lawful Money (excerpt) | 38 |
| 06/04/18 | 22 | Plaintiff's Emergency Motion for Summary Judgment 4 (excerpt) | 39 |
| 06/20/18 | 31 | Order | 40 |

# CONTENTS (Cont'd)

| Date | Doc. No. | Description | Page No. |
|------|----------|-------------|----------|
| 06/25/18 | 32 | Notice and Objections to Order | 41 |
| 06/25/18 | 33 | Notice and Objections to Order 2 | 43 |
| 07/02/18 | 34 | Order | 45 |
| 07/09/18 | 35 | Take Judicial Cognizance | 46 |
| | | —Ex. 1 ("Law of the Case") | 47 |
| 07/13/18 | 36 | Objection to Order | 55 |
| 07/16/18 | 37 | Order | 56 |
| 08/24/18 | 38 | Notice of Appeal | 57 |

17075527.1

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD T. KENNEDY,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **COMMISSIONER DEPARTMENT OF** | : | **NO.  18-257** |
| **THE TREASURY INTERNAL** | : | |
| **REVENUE SERVICE, et al.,** | : | |
| **Defendants.** | : | |

## O R D E R

AND NOW, this 30th day of January, 2018, upon consideration of Mr. Kennedy's motion to proceed *in forma pauperis* and *pro se* Complaint, it is ORDERED that:

1.    Leave to proceed *in forma pauperis* is GRANTED.

2.    Mr. Kennedy's claims against Equifax, Inc. and Richard F. Smith are DISMISSED, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), because they duplicate claims raised against those Defendants in another lawsuit that Mr. Kennedy filed two days prior to the instant lawsuit, *Kennedy v. Equifax, Inc.*, E.D. Pa. Civ. A. No. 18-214.  *See Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc) (a plaintiff has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant"); *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012) ("[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims."). The dismissal of those claims is without prejudice to Mr. Kennedy proceeding in Civil Action Number 18-214.

3.    Service shall be made upon the John Doe Defendant if and when Mr. Kennedy provides sufficient identifying information to allow for service.

# S.A. 1

4.      The Clerk of Court shall file the Complaint and issue summonses.

5.      The United States Marshal for the Eastern District of Pennsylvania shall serve the

summonses and the Complaint upon the remaining Defendant at no cost to Mr. Kennedy in

accordance with Federal Rule of Civil Procedure 4(i).

<div style="text-align:right">

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**

</div>

<div style="text-align:center">

**S.A. 2**

</div>

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Edward T. Kennedy

_(In the space above enter the full name(s) of the plaintiff(s).)_

- against -

Commissioner, Deputy
of Treasury, Internal,
Revenue Service,
et. al.

**COMPLAINT**

Jury Trial: ☐ Yes ☒ No

(check one)

_(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)_

I.    **Parties in this complaint:**

A.    List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff

| | |
|---|---|
| Name | Edward T. Kennedy |
| Street Address | 401 Tillage Rd. |
| County, City | Lehigh, Breinigsville |
| State & Zip Code | Pennsylvania, PA 18031 |
| Telephone Number | 415-275-1274 |

_Rev. 10/2009_

1 8 10.
9 TK

**S.A. 3**

B.    List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1          Name _See Attachment A_

                         Street Address _____

                         County, City _____

                         State & Zip Code _____

Defendant No. 2          Name _See Attachment A_

                         Street Address _____

                         County, City _____

                         State & Zip Code _____

Defendant No. 3          Name _See Attachment A_

                         Street Address _____

                         County, City _____

                         State & Zip Code _____

Defendant No. 4          Name _See Attachment A_

                         Street Address _____

                         County, City _____

                         State & Zip Code _____

## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction? *(check all that apply)*
      ☒ Federal Questions          ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

                         _____ £ 2 S ___ − T A X _____

                         _____

*Rev. 10/2009*

-2- of 16-

97K

**S.A. 4**

List of all Defendants.
ATTACHMENT A


Commissioner
Department of the Treasury
Internal Revenue Service
1111 Constitution Avenue, NW
Washington
District of Columbia 20224

John Doe
Department of the Treasury
Internal Revenue Service
PO Box 219236, Stop P-4 5050
Jackson, Kansas City
Missonri 64121-9236


Equifax, Inc.
1550 Peachtree Street, N.W.
Fulton, Atlanta,
Georgia 30309

Richard F. Smith, CEO
Equifax, Inc.
1550 Peachtree Street, N.W.
Fulton, Atlanta,
Georgia 30309

3  8  10.
    7M L

## S.A. 5

C. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _Pennsylvania_

Defendant(s) state(s) of citizenship _Missouri, D.C. (?)_

## III. Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. Where did the events giving rise to your claim(s) occur? _____

_See Attachment B_

B. What date and approximate time did the events giving rise to your claim(s) occur? _____

_See Attachment B_

**What happened to you?**

C. Facts: _See Attachment B_

**Who did what?**

**Was anyone else involved?**

**Who else saw what happened?**

$-$ 4 of 10.

**S.A. 6**

Statement of Claim
ATTACHMENT B

Bad Faith Collections Claim and Tort

A. Where did the events giving rise to my claim occur?
I am a victim of Identity Theft, and the IRS knows this.
IRS received my Form 14039 for my Identity Theft claim, IRS Notice CP01S, Notice Date
December 18, 2017, caller ID is 479915.
Therefore, events are not known exactly or precisely known because Identity Theft and data
breach are world wide now with the Internet. Therefore, my answer is worldwide.

B. What date and time did the events giving rise to my claim occur?
Today. I received a collection letter from the IRS for a bill for $75,957.35 and demanded
payment by February 14, 2018, and if not paid, threatened unlawful to take my Social Security
benefits.      (letter 1 - attached )

C. Facts
1. I have submitted Affidavits of Identity theft to both the Internal Revenue Service at the Federal
Trade Commission.                                                           and
                                                                            $ 17.

2. Equifax Corporation admitted they failed to protect my private data.

3. IRS is a customer of Equifax.

4. Equifax does not encrypt its data. and did not encrypt my data.

5. Defendant and Equifax, Inc. CEO Smith testified under oath on the public record before the
US Congress that he was responsible for my data breach and identity theft, a breach of his
fiduciary duty.

6. I did not amend a 2007 tax return.

7. A claim for a debt from 2007 is past the statute of limitations.

5 of 10.
2 8K.

**S.A. 7**

*A. Wachia*



Department of the Treasury
Internal Revenue Service
PO BOX 219236, STOP P-4 5050
KANSAS CITY MO 64121-9236

| Notice | CP91 |
|---|---|
| Notice date | January 15, 2018 |
| Social Security number | |
| To contact us | 1-800-829-7650 |
| Your Caller ID | 479915 |

Page 1 of 4

000819.673710.104457.8073 2 MB 0.423 1027
հ.թ.ԱկնելՈննալllimmյյդմ.մ.կ.միմ.թնկյiիթ.ie



EDWARD T KENNEDY
401 TILLAGE RD
00819     BREINIGSVILLE PA 18031-1839

## Intent to seize up to 15% of your Social Security benefits
# Amount due immediately: $75,957.35

We haven't received full payment despite sending you several notices about your unpaid federal taxes. We will seize (levy) up to 15% of the Social Security benefits you receive in order to pay your unpaid federal taxes until they are paid in full. (Internal Revenue Code section 6331(h))

We have identified the following Social Security account information:

• Social Security Claim Account Number:

• Beneficiary's Own Account Number:

Don't contact the Social Security Administration. If you have any questions, please contact us at 1-800-829-7650.

### Billing Summary

| | |
|---|---|
| Amount you owed | $52,950.81 |
| Additional failure-to-pay penalty | 8,179.50 |
| Additional interest charges | 14,827.04 |
| **Amount due immediately** | **$75,957.35** |

Continued on back...

-----------------------------------------------------------------------------------------------



EDWARD T KENNEDY
401 TILLAGE RD
BREINIGSVILLE PA 18031-1839

| Notice | CP91 |
|---|---|
| Notice date | January 15, 2018 |
| Social Security number | |

## Payment

• Make your check or money order payable to the United States Treasury.
• Write your Social Security number, the tax period(s) and form number(s) on your payment and any correspondence.

**Amount due immediately**     **$75,957.35**

INTERNAL REVENUE SERVICE
PO BOX 219236, STOP P-4 5050
KANSAS CITY MO 64121-9236

*P9 5 a    ʃ 10*

197445450 DJ KENN 30 0 200712 670 00007595735

# S.A. 8

Memorandum of Law

1. Under Pennsylvania law a collection company must act with the "utmost good faith" and fair dealing toward me.

2. This fiduciary duty is with IRS to comply with US law.

**S.A. 9**

## IV. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

See Attachments

## V. Relief:

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

See Attachment 12

Rev. 10/2009

7 x 10-
4 O SfK

**S.A. 10**

Injuries
ATTACHMENT C

Intentional Infliction of emotional harm.

Loss of reputation as a Priest.

Loss of reputation as a Tax Accountant.

8 of 10.
STK.

**S.A. 11**

Relief
ATTACHMENT D

1. Order Damages Intentional infliction of emotional distress at $250,000.00

2. Punish defendants from outrageous conduct and deter them from such outrageous conduct in the future. Award punitive damages against the insurer. Award punitive damages against CEOs Smith. Award punitive damages against Equifax Corporation.

3. Award damages based on present value of my loss of my reputation in two counties as a Roman Catholic Priest, a Sanctified Healer, and Federal Income Tax Accountant.

4. Award $50,000 in legal fees required to defend against this or other frivolous claims for a non-existent debt.

5. Order all collections to cease for 2007 Tax return, and credit my account for $75,957.35.

**S.A. 12**

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _17th_ day of _January_ _____, 20_18_.

Signature of Plaintiff _____

Mailing Address _401 Tillage Rd._

_Breinigsville, PA_

_18031_

Telephone Number _415 - 275 - 1245_

Fax Number *(if you have one)* _484 - 930 - 0051_

E-mail Address _Kennefg 2018 e_

_A L U M N I . N D . e d u ._

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____, 20_____, I am delivering this complaint to prison authorities to be mailed to the Clerk's Office of the United States District Court for the Eastern District of Pennsylvania.

Signature of Plaintiff: _____

Inmate Number _____

_Rev. 10/2009_

**S.A. 13**

## COVER LETTER

January 17th, 2018

Internal Revenue Service
PO Box 219236, Stop P-4 5050
Kansas City, MO 64121-9236

re: Notice - enclosed

Dear IRS Agent,

CEASE AND DESIST
Bad Faith Collections Claim and Tort Claim against IRS

I am a victim of Identity Theft, and the IRS knows this.

IRS received my Form 14039 for my Identity Theft claim, IRS Notice CP01S, Notice Date
December 18, 2017, caller ID is 479915.

Today. I received a collection letter from the IRS for a bill for $75,957.35 and demanded
payment by February 14, 2018, and if not paid, threatened unlawful to take my Social Security
benefits.

1.I have submitted Affidavits of Identity theft to both the Internal Revenue Service at the Federal
Trade Commission.
2. Equifax Corporation admitted they failed to protect my private data.
3. IRS is a customer of Equifax.
4. Equifax does not encrypt its data. and did not encrypt my data.
5. Defendant and Equifax, Inc. CEO Smith testified under oath on the public record before the
US Congress that he was responsible for my data breach and identity theft, a breach of his
fiduciary duty.
6. I did not amend a 2007 tax return.
7. A claim for a debt from 2007 is past the statute of limitations.

Sincerely,

Edward T Kennedy
401 Tillage rd
Breinigsville PA
18031-18339

pg 10 a  8 10 57?

S.A. 14

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDWARD T. KENNEDY,                      )
                                        )
          Plaintiff,                    )
                                        )     Case No. 5:18-cv-00257-JFL
          v.                            )
                                        )
COMMISSIONER DEPARTMENT OF              )
THE TREASURY INTERNAL REVENUE           )
SERVICE, *et al*.,                      )
                                        )
          Defendants.                   )
_____ )

## UNITED STATES' MOTION TO DISMISS

The United States of America, as the real party in interest and in place of the named

defendants, Commissioner, Department of the Treasury Internal Revenue Service ("IRS") and

the unnamed IRS employee, moves to dismiss the Complaint for lack of subject matter

jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and for failure to state a claim pursuant to Fed.

R. Civ. P. 12(b)(6).

The grounds for this Motion, as more fully set forth in the Brief in Support, are that (1)

the Court lacks jurisdiction where Plaintiff fails to allege a waiver of sovereign immunity and the

Anti-Injunction Act bars the injunctive relief requested, and (2) Plaintiff fails to allege a

plausible claim for damages under Section 7433 of the Internal Revenue Code.

This Motion is based on the pleadings, the records and files in this case, and the Brief in

Support attached herewith.

//

//

1

**S.A. 15**

WHEREFORE, the United States requests that the Court dismiss all claims made in the

Plaintiff's Complaint, and for such further relief as may be appropriate under the circumstances.


Date:  April 6, 2018

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Catriona M. Coppler*
CATRIONA M. COPPLER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C.  20044
202-514-5153 (v)
202-514-6866 (f)
Catriona.M.Coppler@usdoj.gov

S.A. 16

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDWARD T. KENNEDY,                       )
                                         )
          Plaintiff,                     )
                                         )        Case No. 5:18-cv-00257-JFL
          v.                             )
                                         )
COMMISSIONER DEPARTMENT OF               )
THE TREASURY INTERNAL REVENUE            )
SERVICE, *et al.*,                       )
                                         )
          Defendants.                    )
_____)

## BRIEF IN SUPPORT OF THE
## UNITED STATES' MOTION TO DISMISS

*Pro se* plaintiff, Edward T. Kennedy ("Plaintiff") filed this action on January 18, 2018,

setting forth a claim for bad faith collection activities by the Internal Revenue Service and for

various torts. As will be described in more detail below, Plaintiff's Complaint should be

dismissed for lack of subject matter jurisdiction and for failing to state a claim for which relief

may be granted.

### STATEMENT OF ALLEGED FACTS

Plaintiff sets forth very limited facts in his Complaint, but it appears that Plaintiff asserts

facts related to two separate events. First, Plaintiff alleges that he was a victim of identity theft,

which occurred because of the data breach at Equifax, Inc. (Compl. 5).

Second, Plaintiff asserts facts related to his 2007 tax return. (Compl. 5). Specifically,

Plaintiff received a collection letter from the IRS demanding payment of $75,957.35 because of

unpaid federal taxes. *Id.* at 5a. The letter explains that if Plaintiff fails to pay the federal taxes in

full, then the IRS will seize up to fifteen percent of his social security benefits. *Id.*

1

**S.A. 17**

2.      To the extent that Plaintiff's Complaint can be construed as a claim for damages under Section 7433, does Plaintiff state a claim for which relief may be granted where he fails to allege any facts that constitute reckless, intentional, or negligent violations of the Internal Revenue Code by any IRS employee?

## SUMMARY OF THE ARGUMENT

First, the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1) because Plaintiff fails to cite any waiver of sovereign immunity.  The only plausible statutory provision for a waiver of sovereign immunity is the Federal Tort Claims Act ("FTCA").  However, the FTCA does not waive sovereign immunity in this case because it explicitly excludes any claim that arises in respect to the assessment or collection of any tax.  Furthermore, the Anti-Injunction Act explicitly bars the injunctive relief requested in this action.  Consequently, this Court lacks subject matter jurisdiction and the Complaint should be dismissed.

Second, to the extent that the Complaint can be construed to contain a claim for damages, the Complaint must be dismissed for failing to state a claim for which relief may be granted. Plaintiff fails to allege any reckless, intentional, or negligent violation of the Internal Revenue Code and fails to demonstrate that the damages sought are proximately related to those violations.  Consequently, the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6).

## ARGUMENT

As an initial matter, the Complaint names the Commissioner, Department of Treasury, Internal Revenue Service and an unnamed IRS employee as defendants.  However, the only proper defendant to this action is the United States of America.  *See Blackmar v. Guerre*, 342 U.S. 512, 514 (1952).  Therefore, the named federal defendants should be dismissed as parties and the United States should be substituted in their place.

Notwithstanding that fact, as will be described in more detail below, Plaintiff's Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and under Fed. R. Civ. P. 12(b)(6) for failing to state a claim for which relief can be granted.

**I.     The Complaint Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(1) For Lack of Subject Matter Jurisdiction Because Plaintiff Failed to Identify a Waiver of Sovereign Immunity and No Such Waiver Exists.**

Federal courts are "courts of limited jurisdiction" with "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.*, 51 U.S. 375, 377 (1994). "A court is to presume . . . that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008). Where a pleading does not allege facts sufficient to establish subject matter jurisdiction, the case should be dismissed under Fed. R. Civ. P. 12(b)(1).

 "Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity, together with a claim falling within the terms of the waiver." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (internal citations omitted). The burden is on the plaintiff to show "that an unequivocal waiver of sovereign immunity exists . . . ." *Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005); *accord Alnor Check Cashing v. Katz*, 821 F. Supp. 307, 311 (E.D. Pa.), *aff'd*, 11 F.3d 27 (3d Cir. 1993) ("Any party attempting to sue the United States bears the burden of proving that Congress has waived sovereign immunity."). The waiver must be unequivocally expressed in statutory text, and cannot be implied or inferred. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-4 (1992); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990); *Clinton County Comm'rs v. E.P.A.*, 116 F.3d 1018, 1021 (3d Cir. 1997). Any ambiguity must be construed strictly in favor

of immunity.  *Nordic Village*, 503 U.S. at 34.  If the plaintiff cannot carry his burden to show a claim falls within a waiver of immunity, the claim must be dismissed.  Fed. R. Civ. P. 12(b)(1).

Plaintiff's Complaint is insufficient on its face to establish jurisdiction.  Plaintiff fails to state any statute that waives sovereign immunity.  Rather, Plaintiff merely states "IRS-Tax" as the jurisdictional basis for this suit.  (Compl. 2).

As will be explained below, the most plausible statutory provision for Plaintiff's Complaint, the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, does not operate to waive sovereign immunity for Plaintiff's claims.  Furthermore, the injunctive relief that Plaintiff seeks is expressly barred by the Anti-Injunction Act.  Therefore, the Complaint should be dismissed for lack of subject matter jurisdiction.

### A.    Taxpayers cannot sue the United States under the Federal Tort Claims Act for damages with respect to the assessment and collection of taxes.

The Federal Tort Claims Act ("FTCA") is "the exclusive remedy for tort claims against the United States arising from negligent or wrongful acts of government employees acting within the scope of their employment."  *Lichtman v. United States*, No. CIV.A. 07-10, 2007 WL 2119221, at *4 (E.D. Pa. June 8, 2007), *aff'd*, 316 F. App'x 116 (3d Cir. 2008); *see also* 28 U.S.C. § 2679.  However, the FTCA is subject to enumerated exceptions, one of which specifically excludes from this waiver "[a]ny claim arising in respect of the assessment or collection of any tax."  28 U.S.C. § 2680(c).

Plaintiff's claim for intentional infliction of emotion distress and loss of reputation apparently arise from the efforts of the IRS to collect Plaintiff's 2007 tax liabilities.  As a result, the FTCA does not waive the United States' sovereign immunity.  Therefore, any claim Plaintiff may be attempting to assert under the FTCA should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

S.A. 20

### B.    The Anti-Inunction Act deprives the Court of jurisdiction to enjoin the Collection of Tax Assessments.

To the extent that the Complaint can be construed as seeking an order enjoining the IRS from collecting Plaintiff's tax liabilities for the 2007 tax year, the suit is barred by the Anti-Injunction Act.  *See* 26 U.S.C. § 7421(a).  The Anti-Injunction Act provides that, subject to certain exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person."  *Id.*  The purpose of the Anti-Injunction Act is to allow the United States to assess and collect taxes without judicial intervention, and "to require that the legal right to the disputed sums be determined in a suit for refund."  *Zarra v. United States*, 254 Fed. App'x 931, 933 (3d Cir. 2007) (quoting *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 7 (1962)).

In this case, Plaintiff asks the Court to "[o]rder all collections to cease for [his] 2007 Tax return."  (Compl. 9).  This is exactly the type of relief that is prohibited under the Anti-Injunction Act.  Plaintiff also asks that the Court "deter [defendants] from such outrageous conduct in the future."  (Compl. 9).  While it is unclear the "outrageous" conduct to which Plaintiff is referring, to the extent that Plaintiff seeks to enjoin the United States from engaging in collection actions related to his 2007 tax liabilities, such relief is likewise prohibited under the Anti-Injunction Act.  Therefore, the Court lacks subject matter jurisdiction and the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1).

## II.    The Complaint Should Be Dismissed Because it Fails to State a Claim for Which Relief May be Granted.

In a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court evaluates whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff's claims are "plausible" if the plaintiff "pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* The complaint must

present factual allegations that are "more than labels and conclusions." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007). While a court must accept the allegations in the complaint

and all reasonable inferences that can be drawn from them as true and view them in the light

most favorable to the plaintiff for purposes of a Rule 12(b)(6) motion, it need not credit a

complaint's "bare assertions" or legal conclusions. *Iqbal*, 556 U.S. at 681. A court reviewing

the sufficiency of a complaint must (1) evaluate the elements necessary to state a claim, (2)

exclude all conclusory allegations, and (3) assume the veracity of all well-pleaded factual

allegations and determine whether they plausibly give rise to entitlement to relief. *Connelly v.*

*Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016).

Plaintiff fails to set forth any facts from which the Court could find that the United States

is liable for any misconduct. The only facts that Plaintiff alleges are: (1) that he is the victim of

identity theft, (2) that he did not file an amended 2007 tax return, and (3) that the IRS is

attempting to collect Plaintiff's 2007 tax liabilities. (Compl. 5). From these sparse facts,

Plaintiff asks that the Court award not only punitive damages, but also damages for intentional

infliction of emotional distress and loss of reputation. As will be explained below, Plaintiff

hardly alleges any misconduct, let alone any facts from which the Court could draw a reasonable

inference that the United States is liable. Consequently, the Complaint should be dismissed for

failing to state a claim for which relief may be granted.

### A. Plaintiff has failed to state a claim for damages under Section 7433 because he has failed to allege any facts that constitute reckless, intentional, or negligent violations of the Internal Revenue Code by an IRS employee.

To the extent that the Complaint can be construed as seeking damages under

Section 7433, this action should be dismissed for failing to state a claim for which relief may be

granted. Section 7433 permits a claim against the United States for negligent, reckless, or

intentional disregard of the provisions of the Internal Revenue Code by an employee or officer of the IRS in connection with the collection of federal taxes.  26 U.S.C. § 7433.  However, Plaintiff fails to set forth any facts that constitute reckless, intentional, or negligent violations of the Internal Revenue Code by an IRS employee.

Although not a model of clarity, Plaintiff appears to set forth two perceived violations. First, Plaintiff alleges that the IRS "threatened unlawful [sic] to take [his] Social Security benefits."  (Compl. 5).  To the extent that Plaintiff is alleging that the IRS may not levy upon his social security benefits, he sets forth no legal basis to support this contention.  Section 6331 provides that:

> If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property . . . on which there is a lien . . . .

26 U.S.C. § 6331(a).  Furthermore, Section 6334 provides that "[n]otwithstanding any other law of the United States . . . no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a)."  26 U.S.C. § 6334(c).  Section 6334(a), in turn, lists various property exempt from levy, but social security benefits are not one of them.  *See* 26 U.S.C. § 6334(a).  Consequently, courts have consistently held that the IRS may levy on social security benefits.  *See, e.g.*, *Acevedo v. Bank of America, N.A.*, 2013 WL 1720967, *2 (E.D. Mo. 2013) ("Pursuant to these authorities, it is clear that the United States, though its agents, may garnish the plaintiff's monthly social security benefits until the plaintiff's outstanding federal income taxes and any assessed penalties are paid."); *Lenning v. United States*, 1996 WL 857913, *2 (D. Conn. 1996) ("[S]ocial security benefits are subject to levy by the IRS.").  Plaintiff has failed to set forth any other factual allegations from which the Court may infer the levy was unlawful.  Therefore, Plaintiff's "bare assertion" that the levy on social

8

S.A. 23

security benefits is unlawful is not sufficient to state a claim for which relief may be granted under Section 7433.  *See Iqbal*, 556 U.S. at 681.

Second, Plaintiff alleges that the debt from 2007 is past the statute of limitations. (Compl. 5).  As above, Plaintiff fails to set forth any facts from which the Court could reach this conclusion.  As such, this is a bare legal conclusion that the Court must exclude.  *See Connelly*, 809 F.3d at 786.  Consequently, Plaintiff has failed to allege any reckless, intentional, or negligent violations of the Internal Revenue Code by an IRS employee and has therefore failed to state a claim under Section 7334.

Even if the Court somehow finds that Plaintiff has managed to allege a violation of the Internal Revenue Code, Plaintiff still fails to state a claim for damages under Section 7433 because he fails to allege that the damages he seeks are the proximate result of the actions of any IRS employee.  Under Section 7433, a taxpayer may only recover "actual, direct economic damages" that are the "proximate result" of the reckless, intentional, or negligent actions of any IRS employee.  26 U.S.C. § 7433(b)(1).

Here Plaintiff seeks $250,000 for intentional infliction of emotional distress; an unspecified amount for the loss of Plaintiff's "reputation in two counties as a Roman Catholic Priest, Sanctified Healer, and Federal Income Tax Accountant;" and an unspecified amount of punitive damages.  (Compl. 9).  Plaintiff fails to allege how these damages are the proximate result of any action taken by an IRS employee.  Further, Plaintiff fails to allege how much of the damages is attributable to the claimed violation and how much is attributable to the defendants that were dismissed from the case.  Consequently, Plaintiff has failed to state a claim for damages under Section 7433 and the Complaint must be dismissed.

S.A. 24

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
Allentown Division


EDWARD T. KENNEDY,
      Plaintiff,

                                   Case No. 5: 18-cv-00257-JFL

      -v-

COMMISSIONER DEPARTMENT OF
THE TREASURY INTERNAL REVENUE
SERVICE, et. al.
      Defendants.


## PLAINTIFF'S MOTION TO DENY DEFENDANT'S MOTION TO DISMISS

1.      Plaintiff moves for an order to deny Defendant's Motion to Dismiss for lack of

subject matter jurisdiction and failure to state a claim pursuant to Fed R. Civ. P. 12 (b) (6)

2      The grounds for this motion are Plaintiff did state a claim for which relief can be

granted and this court does have subject matter jurisdiction as a federal question.

3.      This motion is based on the pleadings and papers on file in this case in the

attachment of PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANT'S

MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND

FAILURE TO STATE A CLAIM PURSUANT TO FEDERAL RULES OF CIVIL

PROCEDURE 12(B)(6.).

4. Defendant's claim of sovereign immunity and the Internal Revenue Code Section 7433

are not relevant to this case.

-1-

S.A. 25

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### Allentown Division

EDWARD T. KENNEDY,
      Plaintiff,

                                    Case No. 5: 18-cv-00257-JFL

      -v-

COMMISSIONER DEPARTMENT OF
THE TREASURY INTERNAL REVENUE
SERVICE, et. al.
      Defendants.

## PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FAILURE TO STATE A CLAIM PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6.)

Plaintiff asks the court to deny Defendant's Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim pursuant to Fed R. Civ. P. 12(b) (6).

**A. Introduction**

1.      Plaintiff is Edward T. Kennedy.

2.      Defendants are Commissioner Department of the Treasury Internal Revenue Service and John Doe. [1]

3.      Defendant filed a motion to dismiss and asked the court to dismiss plaintiff's suit for

---

[1] Defendant John Doe is R.B. Simmons, who identified himself in a letter to the Plaintiff stamped Mar 13, 2018. The letter was postmarked 03/15/2018, return address Internal Revenue Service PO Box 24551, Kansas Mo 64131-0551. Defendant Simmons has yet to be served by the US Marshall.

lack of subject-matter jurisdiction and failure to state a claim pursuant to Fed. R. Civ. P. 12(b) (6).

4.      Plaintiff files this response asking the court to deny defendant's motion.

**B.   Argument**

**There Is a Federal Question**

5.      Plaintiff sued defendants under US Law, a Federal Questions concerning statutory violations.

6.      Plaintiff's claim is substantial and is based on federal law, namely, 15 U.S. Code § 1692d - Harassment or abuse, see Neitzke v. Williams, 490 U.S. 319, 327 n.6,109 S. Ct. 1827,1832 n.6 (1989).

7.      Because plaintiff's claim involves a federal question, this court has jurisdiction to hear the suit.

8.      When considering defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to plaintiff. See Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000); In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996).

9.      If the factual allegations in plaintiff's complaint are sufficient to show that the right to relief is plausible and above mere speculation, the court should deny defendant's motion. See Bell Atlantic Corp v. Twombly, U.S. 128 S. Ct. 1955, 1965, 1974 (2007).

10.     Plaintiff alleged a claim for Intentional infliction of emotional stress in this case.

11.     The elements are of the tort of intentional infliction of emotional distress has four

-2-

**S.A. 27**

elements: (1) the defendant must act intentionally or recklessly; (2) the defendant's conduct must be extreme and outrageous; and (3) the conduct must be the cause (4) of severe emotional distress. Hyatt, 943 S.W.2d at 297.

12.    Although case law does not provide us with a precise definition of "extreme and outrageous," the test adopted by many courts for actionable conduct is that the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Restatement (Second) of Torts section 46 cmt. d (1965).

13.    The defendant's conduct must be more than malicious and intentional; and liability does not extend to mere insults, indignities, threats, annoyances, or petty oppressions. Viehweg v. Vic Tanny Intern. of Missouri, Inc., 732 S.W.2d 212, 213 (Mo.App.1987). "It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery...." Restatement (Second) of Torts section 46 cmt. h (1965).

14.    The court must determine whether an average member of the community upon learning of the facts alleged by plaintiff would exclaim "outrageous!" Viehweg, 732 S.W.2d at 213.

15.    Plaintiff alleged that defendants knew plaintiff was harmed by Identity Theft, but continued to try to collect on a false and/or fake debt.

16.    Defendant Simmons lied and liened, ie "stole," Plaintiff social security benefits on

S.A. 28

March 28, 2018, despite writing in a letter to a Plaintiff that "Additionally any potential levy order social security has been blocked during the investigation."

17.     Defendants have had over seven (7) months to "investigate" Plaintiff's recent Affidavit of Identity Theft and eighteen (18) years to investigate the 2000 to 2017 falsified tax returns and Plaintiff letters to the Defendant. [2]

18.     Defendant John Doe, now known to the Plaintiff as R. B.Simmons, took an oath to tell the truth, and not misinform, and not misconstrue.

19.     Plaintiff has alleged facts sufficient to show that the right to relief is plausible and above mere speculation.

20.     Factual evidence for (b)  Loss of reputation is a priest and (c)  Loss of reputation as a tax accountant mentioned heretofore, are outrageous and will be provided to a jury at the jury trial.

21.     Plaintiff has recently learned that Defendants are not licensed in the Commonwealth of Pennsylvania Secretary of State to conduct business, and thus may have committed interstate-crimes.

22.     Plaintiff rebuts the presumption that either United States or United States of America is the real party of interest.

**C.   Conclusion**

---

[2] Defendants did not provide a form to taxpayers to file an Affidavit of Identity Theft form until April, 2017, see link here: https://www.irs.gov/pub/irs-pdf/f14039.pdf.

**S.A. 29**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDWARD T. KENNEDY,                )
                                  )    Case No. 5:18-cv-00257-JFL
        Plaintiff,                )
                                  )
    v.                            )
                                  )
COMMISSIONER DEPARTMENT OF THE    )
TREASURY INTERNAL REVENUE         )
SERVICE, *et al.*,                )
                                  )
        Defendants.               )
_____  )

## <u>REPLY IN SUPPORT OF THE UNITED STATES' MOTION TO DISMISS</u>

In its Motion to Dismiss, the United States established (1) that the Court lacks subject matter jurisdiction over this refund suit because Plaintiff failed to identify a waiver of sovereign immunity and (2) that Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff filed a response, but failed to rebut the United States' arguments. Specifically, Plaintiff failed to identify any waiver of sovereign immunity that would give this Court jurisdiction over this case. Thus, the United States' Motion to Dismiss should be granted.

## ARGUMENT

**I.      The United States is the Only Proper Party to this Action.**

Plaintiff purportedly "rebuts the presumption that either United States or United States of America is the real party of interest," but offers no further explanation or support for this bare assertion. Pl.'s Mot. to Deny Def.'s Mot. to Dismiss 4, ¶ 22. However, absent express waiver, the United States, its agencies, and its employees sued in an official capacity, are each shielded from suit by sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1995); *Beneficial*

**S.A. 30**

individuals or the particular government agencies."); *see also Prather v. Attorney General of U.S.*, 443 F. App'x 766, 767 (3d Cir. 2011) ("[T]he FTCA also delineates that a party may only sue 'the United States,' not a federal agency or a federal official.").  The FTCA therefore provides no waiver of sovereign immunity for any federal agency or federal official and a complaint filed against such a party is subject to dismissal for lack of jurisdiction.  *See Cox*, 739 F. Supp. at 29 (dismissing FTCA claim against Secretary of Labor in her official capacity for lack of subject matter jurisdiction); *see also Farmer v. La. Elec. Crimes Task Force*, 553 F. App'x 386, 389, n.5 (5th Cir. 2014) ("Since the United States, and not the agency itself, is the proper defendant, an FTCA claim against a federal agency instead of the United States must be dismissed for want of jurisdiction."); *Good v. Ohio Edison Co.*, 149 F.3d 413, 418 (6th Cir. 1998) ("[A]n FTCA action naming only the United States Post Office and several individual postal workers as defendants must be dismissed for lack of jurisdiction because the United States of America is the only proper defendant in such an action . . . .").

Plaintiff further purports to premise jurisdiction for his claim for damages upon the federal question statute and 15 U.S.C. § 1692d.  Pl.'s Mot. to Deny Def.'s Mot. to Dismiss 2, ¶¶ 5-7.  However, neither provides any waiver of sovereign immunity, and creates no private cause of action for money damages against the IRS or its employees.  Rather, the exclusive remedy for plaintiffs seeking damages for the improper collection of federal taxes is a suit for damages against the United States. 26 U.S.C. § 7433(a).

Consequently, the United States is the only proper party to this suit and the Court lacks subject matter jurisdiction to hear any claim against any of the named defendants.  *See Meyer*, 510 U.S. at 475.  Therefore, the United States should be substituted for the named defendants and all claims against the named defendants should be dismissed.

# S.A. 31

United States' Motion to Dismiss.  The United States can think of no waiver that would give this Court jurisdiction.  Consequently, Plaintiff's Complaint should be dismissed.

### A.    Claim for Intentional Infliction of Emotional Distress

Plaintiff argues that the Court has jurisdiction over his intentional infliction of emotional distress claim because there is a federal question.  Pl.'s Mem. in Resp. 2, ¶ 7.  Although the Federal Question Statute, Section 1331, does grant U.S. District Courts original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States, it is well established that Section 1331 in and of itself provides no general waiver of sovereign immunity. 28 U.S.C. § 1331; *see also Harbert v. United States*, 206 F. App'x 903, 907 (11th Cir. 2006) ("[Section] 1331 cannot be construed to constitute a waiver of sovereign immunity."); *A.L. Rowan &Son, Gen. Contractors, Inc. v. Dep't of Hous.,* 611 F.2d 997, 1000 (5th Cir. 1980). Therefore, Section 1331 does not provide a waiver of sovereign immunity that would provide this Court with subject matter jurisdiction over Plaintiff's intentional infliction of emotional distress claim.

Furthermore, as previously explained in more detail in the United States' Brief in Support of its Motion to Dismiss, the only other statutory provision for Plaintiff's intentional infliction of emotional distress claim is the Federal Tort Claims Act ("FTCA").  Def.'s Mem. in Supp. Mot. to Dismiss 5; *see also* 28 U.S.C. § 267, *et seq*.  However, the FTCA is subject to enumerated exceptions, one of which specifically excludes from the waiver of sovereign immunity "[a]ny claim arising in respect of the assessment or collection of any tax."  28 U.S.C. § 2680(c). Because Plaintiff's claim for intentional infliction of emotional distress stems from the efforts of the IRS to collect Plaintiff's tax liabilities, the exception applies and the FTCA does not provide a waiver of sovereign immunity.

Even if the exception was not applicable in this case, this Court would still not have jurisdiction under the FTCA.  In accordance with the clear language of the statute, the filing of a proper administrative claim is jurisdiction and is an absolute, non-waivable perquisite to bringing suit under the FTCA.  *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971); *Livera v. First Nat. State Bank of New Jersey*, 879 F.2d 1186, 1194-95 (3d Cir. 1989).  Plaintiff has failed to allege that that he made an administrative claim.  Consequently, this Court does not have jurisdiction over Plaintiff's claim for intentional infliction of emotional distress.

**B.      Claim under the Fair Debt Collection Practices Act**

Plaintiff also alleges, for the first time in his Response, that this action arises under Section 1692d of the Fair Debt Collection Practices Act ("FDCPA").  Pl.'s Mem. in Resp. 2, ¶ 6; *see also* 15 U.S.C § 1692d.  However, Section 1692d fails to provide a waiver of sovereign immunity that would grant this Court jurisdiction.

In fact, the FDCPA does not even apply to the IRS because the IRS is not a "debt collector" within the meaning of the FDCPA.  15 U.S.C. § 1692a(6)(C) (providing that "any officer or employee of the United States" is not a "debt collector" for purposes of the FDCPA where that officer or employee is "collecting or attempting to collect any debt . . . in the performance of his official duties"); *see also Givens v. Citimortgage, Inc*., No. CIV PJM 10-1249, 2011 WL 806463, at *2 (D. Md. Feb. 28, 2011) ("For an FDCPA claim against a 'debt collector' to survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege facts that make it plausible to believe that the defendant is in fact a debt collector as defined by the FDCPA.").  Further, federal taxes are not a "debt" as defined by the FDCPA because they do not arise out of a transaction.  *See* 15 U.S.C § 1692a(5); *Berman v. GC Servs. Ltd. P'ship*, 146 F.3d 482, 486-87 (7th Cir. 1998); *Smith v. United States*, No. 08-10288, 2008 WL 5069783, at *2 (5th Cir. Dec. 2,

2008) (holding the invocation of the FDCPA in regard to federal tax collection was "entirely

without merit" and sanctioning a pro se litigant for a frivolous appeal).

Consequently, because the FDCPA does not include a waiver of sovereign immunity and

it does not even apply to the IRS, this Court lacks jurisdiction over Plaintiff's FDCPA claim.

### C.    Claim for Damages Under Section 7433

Plaintiff avers that Section 7433 is not relevant to this case.  Pl.'s Mot. to Deny Def.'s

Mot. to Dismiss 1, ¶ 4.  Ironically, Section 7433 contains the only waiver of sovereign immunity

that may provide this Court jurisdiction over Plaintiff's claim for damages.  *See*

26 U.S.C. § 7433.  However, as will be explained below, even if Plaintiff did bring this suit

under Section 7433, this Court would still lack jurisdiction.

Plaintiff seems to allege for the first time that the assessments that the IRS made against

him are incorrect.  *See* Pl.'s Mem. in Resp. 3, 4 ¶¶ 15, 17 (alleging that Defendants attempted "to

collect on a false and/or fake debt" and that from 2000 to 2017 "falsified tax returns" were filed).

Thus, to the extent that Plaintiff is seeking damages for the improper determination of federal

taxes, such an action cannot be maintained under Section 7433.

Section 7433 provides a limited waiver of sovereign immunity from suits for damages if

an officer or employee of the IRS "recklessly or intentionally, or by reason of negligence,

disregards" any provision of the Internal Revenue Code or Treasury Regulations "in connection

with the *collection* of any federal tax."  26 U.S.C. § 7433 (emphasis added).  "[S]ection 7433's

limited waiver to the government's sovereign immunity must be read narrowly."  *Allied/Royal*

*Parking L.P. v. United States*, 166 F.3d 1000, 1003 (9th Cir. 1999).

Section 7433 provides for an action only in connection with the collection of federal tax,

not in connection with the determination or assessment of federal tax.  *Gass v. U.S. Dept. of*

*Treas.*, 216 F.3d 1087 (10th Cir. 2000); *Hudson Valley Black Press v. IRS*, 409 F.3d 106, 112-13 (2d Cir. 2005); *Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 411 (4th Cir. 2003).  A taxpayer may not recover damages under Section 7433 for improper assessments of taxes, which relates to the determination of tax liability, but not collection of taxes.  *Shaw v. United States*, 20 F.3d 182, 184 (5th Cir. 1994).  Accordingly, to the extent that Plaintiff seeks to challenge the determination or assessment of federal tax, this Court lacks jurisdiction.

To the extent that Plaintiff does seek damages in connection with the collection of federal taxes, this Court still lacks jurisdiction.  Prior to bringing suit in federal district court under Section 7433, taxpayers must exhaust their administrative remedies.  26 U.S.C. § 7433(d)(1).  "A judgment for damages shall not be awarded under [Section 7433] subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."  *Id.*

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under Section 7433.  *See* 26 C.F.R. § 301.7433-1(e).  The regulations provide that the taxpayer must send a written administrative claim for damages to the area director in the district where the taxpayer lives.  *Id.*  Failure to comply with this regulation deprives the Court of jurisdiction.  *See Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994).

"In a § 7433 action, the plaintiffs bear 'the burden of demonstrating an explicit waiver of the government's sovereign immunity from suit."  *Holt v. Davidson*, 441 F. Supp. 2d 92, 96 (D.D.C. 2006) (citing *People of Cal. ex. rel. Ervin v. Dist. Dir.*, 170 F. Supp. 2d 1040, 1048 (E.D. Cal. 2001)).  Where a statute provides a limited waiver of sovereign immunity, there is no jurisdiction unless the Plaintiff has complied with the statute's prerequisites.  *See White v. C.I.R.*, 899 F. Supp. 767, 773-74 (D. Mass. 1995).

S.A. 35

In this case, Plaintiff makes no assertions concerning his pursuit of administrative remedies. In fact, Plaintiff even goes so far as to allege that Section 7433 is not relevant to this case. Pl.'s Mot. to Deny Def.'s Mot. to Dismiss 1, ¶ 4. Plaintiff has therefore not met his burden in alleging that the United States has unequivocally waived its sovereign immunity under Section 7433. Consequently, there is no waiver of sovereign immunity to support any of Plaintiff's claims and this action should be dismissed.

## CONCLUSION

Plaintiff's response failed to rebut the United States' arguments and failed to point to any valid waiver of sovereign immunity. Consequently, this Court lacks jurisdiction and the Complaint should be dismissed.


Date: April 26, 2018

<div style="margin-left: 40%;">

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*s/ Catriona M. Coppler*
CATRIONA M. COPPLER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
202-514-5153 (v)
202-514-6866 (f)
Catriona.M.Coppler@usdoj.gov

</div>

**S.A. 36**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
Allentown Division

EDWARD T. KENNEDY,

    Plaintiff,

                                Case No. 5: 18-CV-00257-JFL

  -v-

COMMISSIONER DEPARTMENT OF
THE TREASURY INTERNAL REVENUE
SERVICE, et. al.

    Defendants.



FILED
MAY 16 2018
KATE BARKMAN, Clerk
By_____ Dep. Clerk

## PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT 3

1.    Plaintiff moves for an order granting a full Summary Judgement

against Defendants Commissioner Department of the Treasury Internal Revenue

Service, now known to be David J. Kautter,[1] and John Doe, now known to be R.D.

Simmons.

2    Summary judgment is proper in this case because there is no genuine

issue of material fact because Plaintiff is entitled to judgment as a matter of law.

3.    Specifically all four elements of intentional infliction of emotional

distress is satisfied. Defendants continue to violate Plaintiff's civil rights.

4.    This motion is based on the pleadings and papers on file in this case,

---

[1] https://www.irs.gov/newsroom/commissioner-david-j-kautter-acting

-1-

**S.A. 37**

3.   Attorney Coppler, Counsel for the defendants repeatedly filed documents that violated Local Rule 9(a), [2] a possible obstruction of justice.

4.   Plaintiff files this Motion for Summary Judgement with Lawful Money on his claim for the tort of intentional infliction of emotional distress and injuries, damages for harm to his ability to earn a living as a priest and as a tax accountant, and for all his tax refunds from the defendants since 1971.

5.   This Motion should be granted in this case because the evidence establishes all elements of plaintiff's claim as a matter of law, and due to to the fact that counsel for the defendants refused to comply with local rule 9(a), and refused to verify any debt the plaintiff owes to the defendant's employer, and it is Plaintiff's right to demand lawful money at any time, and it is nobody else's legal determination.

B. Statement of Facts

6.   Prima facie evidence presented here are uncontroverted facts that entitle plaintiff to judgment as a matter of law.

7.   The defendants work for the Internal Revenue Service, a collection agency that is not licensed to be a debt collector in the Commonwealth of Pennsylvania.

8.   Both defendants are required to follow 15 U.S.C. § 1692(a), (1978), the Fair

---

[2] Signature (a) The user login and password required to submit documents to the ECF System serve as the ECF Filing User's signature on all electronic documents filed with the court. They also serve as a signature for purposes of Rule 11(a) of the Federal Rules of Civil Procedure, the Local Rules of this court, and any other purpose for which a signature is required in connection with proceedings before the court. Each document filed electronically must, if possible, indicate that it has been electronically filed. Electronically filed documents must include a signature block and must set forth the name, address, telephone number and the attorney's state bar identification number, if applicable. In addition, the name of the ECF Filing User under whose log-in and password the document is submitted must be preceded by an "s/" and typed in the space where the signature would otherwise appear.

-2-

# S.A. 38

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
Allentown Division

EDWARD T. KENNEDY,

Plaintiff,

Case No. 5: 18-CV-00257-JFL

-v-

COMMISSIONER DEPARTMENT OF
THE TREASURY INTERNAL REVENUE
SERVICE, et. al.

Defendants.



FILED

JUN - 4 2018

KATE BARKMAN, Clerk
By_____ Dep. Clerk

## PLAINTIFF'S EMERGENCY MOTION FOR SUMMARY JUDGEMENT 4

1.      Plaintiff moves for an order granting a full Summary Judgement

against Defendants Commissioner Department of the Treasury Internal Revenue

Service, now known to be David J. Kautter,[1] and John Doe, now known to be R.D.

Simmons.

2      Summary judgment is proper in this case because there is no genuine

issue of material fact because Plaintiff is entitled to judgment as a matter of law.

3.      Specifically all four elements of intentional infliction of emotional

distress is satisfied. Defendants continue to violate Plaintiff's civil rights.

4.      This motion is based on the pleadings and papers on file in this case,

---

[1] https://www.irs.gov/newsroom/commissioner-david-j-kautter-acting

-1-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

EDWARD T. KENNEDY,                              :
                                                :
                    Plaintiff,                  :
          v.                                    :          No. 5:18-cv-00257
                                                :
COMMISSIONER, *DEPARTMENT OF THE*               :
*TREASURY INTERNAL REVENUE SERVICE*;            :
JOHN DOE, *DEPARTMENT OF THE*                   :
*TREASURY INTERNAL REVENUE SERVICE* ,           :
                                                :
                    Defendants.                 :
_____

**O R D E R**

**AND NOW**, this 20th day of June, 2018, upon consideration of Plaintiff's Motion to

Order Defendants to Stop Stealing from Plaintiff, ECF No. 29, and Plaintiff's Motion to Order

Attorney Coppler to Declare that Her Paperwork is True and Correct, ECF No. 30, it is

**ORDERED** that the Motions, ECF Nos. 29 and 30, are **DENIED as moot**, in light of this

Court's Order and Opinion dated June 18, 2018, ECF Nos. 25 and 26, dismissing Plaintiff's

Complaint with prejudice.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

**S.A. 40**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
Allentown Division

EDWARD T. KENNEDY,
    Plaintiff,

    -v-

                          Case No. 5: 18-cv-00257-JFL

COMMISSIONER DEPARTMENT OF
THE TREASURY INTERNAL REVENUE
SERVICE, et. al.,
    Defendants.

**FILED**

**JUN 25 2018**

KATE BARKMAN, Clerk
By_____Dep. Clerk

## NOTICE AND OBJECTIONS TO ORDER

1.      Edward T. Kennedy, (hereinafter "Kennedy"or "Plaintiff") is one of the

people of Pennsylvania, and in this court of record objects to Order dated June 18,

2018, signed by Joseph F. Leeson, the assigned Judge as follows:

      1.      Plaintiff is one of the people of Pennsylvania, and in this court of record, to wit:

defendants are COMMISSIONER DEPARTMENT OF THE TREASURY INTERNAL

REVENUE SERVICE, et. al., who are bill collectors with no licenses to be bill collectors.

      2.      Plaintiff sued defendants for injuries and damages for intentional infliction of

emotional distress.

      3.      Attorney Coppler filed paperwork into this court of record[1] and failed to

affirm or swear to tell the truth under penalty of perjury, which violates the rules of this court of

record and the common law.

      4.      Coppler filed paperwork into this court claiming to be royalty and

or nobility, with "Esquire" titles. This court of record does not allow royalty or nobility titles.

---

[1] Entry of Appearance on June 7, 2018 and a Motion to Dismiss.

-1-

S.A. 41

5.      Coppler took an oath to tell the truth. Coppler lied and this court and the assigned
Judge ignored these lies.

6.      Plaintiffs stole money from Kennedy, and this Court and the assigned Judge
ignored Kennedy's Motion to Stop this stealing.

7.      The Judge assigned to administrate this case ignored the common law.

## LAW OF THE CASE

8.      Statutes and codes shall be the rules of decision as long as they are not
in conflict with the common law. [2] In a court of record, a judge has no discretion.
Discretion is reserved to the independent tribunal. When the word "law" is used
without qualification, it means common law.

9.      Previously filed Exhibit "1" is incorporated by reference as
though fully stated herein.

10.     Plaintiff files this Notice and Objection to Order and wishes a new trial with a
new judge.

Date: June 22, 2018, County of Lehigh, Pennsylvania.

/s/ *Edward T. Kennedy*   - seal -

Edward T. Kennedy
401 Tillage Road
Breinigsville, Pennsylvania
Email; kennedy12@protonmail.ch
Fax: 570-609-1810.

---

[2] See the use of dictionaries by the Supreme Court of the United States, by Kevin Werbach, titled Looking It Up:
The Supreme Court's Use of Dictionaries in Statutory and Constitutional Interpretation (1994).

S.A. 42

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
Allentown Division

EDWARD T. KENNEDY,
      Plaintiff,

                                 Case No. 5: 18-cv-00257-JFL

      -v-

COMMISSIONER DEPARTMENT OF
THE TREASURY INTERNAL REVENUE
SERVICE, et. al.,
      Defendants.

FILED
JUN 25 2018
KATE BARKMAN, Clerk
By_____ Dep. Clerk

NOTICE AND OBJECTIONS TO ORDER 2

     1.    Edward T. Kennedy, (hereinafter "Kennedy"or "Plaintiff") is one of the

people of Pennsylvania, and in this court of record objects to Order dated June 18,

2018, signed by Joseph F. Leeson, the assigned Judge as follows:

     1.    Plaintiff is one of the people of Pennsylvania, and in this court of record, to wit:

defendants are COMMISSIONER DEPARTMENT OF THE TREASURY INTERNAL

REVENUE SERVICE, et. al., who are bill collectors with no licenses to be bill collectors.

     2.    Plaintiff sued defendants for injuries and damages for intentional infliction of

emotional distress.

     3.    Attorney Coppler filed paperwork into this court of record[1] and failed to

affirm or swear to tell the truth under penalty of perjury, which violates the rules of this court

of record and the common law.

     4.    Coppler filed paperwork into this court claiming to be royalty and or nobility,

with "Esquire" titles. This court of record does not allow royalty or nobility titles.

---

[1] Entry of Appearance on June 7, 2018 and a Motion to Dismiss.

-1-

S.A. 43

Coppler took an oath to tell the truth. Coppler lied and this court and the assigned Judge ignored these lies.

6.     Plaintiffs stole money from Kennedy, and this Court and the assigned Judge ignored all Kennedy's Motions.

7.     The Judge assigned to administrate this case ignored the common law, the US Constitution.

8.     The Judge assigned to administrate this case has no jurisdiction.

9.     Plaintiff objects to this said Order because the assigned Judge has no jurisdiction.

## LAW OF THE CASE

10.     Statutes and codes shall be the rules of decision as long as they are not in conflict with the common law. [2] In a court of record, a judge has no discretion. Discretion is reserved to the independent tribunal. When the word "law" is used without qualification, it means common law.

12.     Previously filed Exhibit "1" is incorporated by reference as though fully stated herein.

13.     Plaintiff files this Notice and Objection to Order 2 and wishes a new trial with a new judge.

14. Plaintiff Kennedy wishes the assigned Judge Leeson resign from office for putting personal bias and opinion and loyalty to his private membership association ahead of the Constitution and one of the people, Kennedy in this court of record.

---

[2] See the use of dictionaries by the Supreme Court of the United States, by Kevin Werbach, titled Looking It Up: The Supreme Court's Use of Dictionaries in Statutory and Constitutional Interpretation (1994).

**S.A. 44**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

EDWARD T. KENNEDY,                          :
                                            :
                   Plaintiff,               :
          v.                                :        No. 5:18-cv-00257
                                            :
COMMISSIONER, *DEPARTMENT OF THE*           :
*TREASURY INTERNAL REVENUE SERVICE*;        :
JOHN DOE, *DEPARTMENT OF THE*               :
*TREASURY INTERNAL REVENUE SERVICE* ,       :
                                            :
                   Defendants.              :
_____

# O R D E R

On June 18, 2018, this Court granted the United States of America's Motion to Dismiss
and dismissed Plaintiff's Complaint with prejudice. ECF Nos. 25, 26. On June 25, 2018, Plaintiff
filed two documents titled "Notice and Objections to Order." ECF Nos. 32, 33. The Court
construes these as motions to reconsider the Court's Order dismissing Plaintiff's Complaint.
"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to
present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.
1985). Here, Plaintiff has presented no such grounds to reconsider the Court's Order.

**ACCORDINGLY**, this 2nd day of July, it is **ORDERED** that Plaintiff's "Notices and
Objections to Order," ECF Nos. 32, 33, are **DENIED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

**S.A. 45**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
Allentown Division

EDWARD T. KENNEDY,
     Plaintiff,

                            Case No. 5: 18-cv-00257-JFL

     -v-

COMMISSIONER DEPARTMENT OF
THE TREASURY INTERNAL REVENUE
SERVICE, et. al.,
     Defendants.



FILED
JUL 09 2018
By KATE BARKMAN, Clerk
         Dep. Clerk

<center>TAKE JUDICIAL COGNIZANCE</center>

Edward T. Kennedy is one of the people of Pennsylvania, and in this court of record wishes a new judge to administrate his complaint, competent as a Supreme Court of the United States Justice, a common law judge, in the Law of the Case, Exhibit 1, included herein attached, and knows how to know, interpret, and defend the Constitution and the laws that must always conform to its mandates and promises.

July 4, 2018, Lehigh County, Pennsylvania.

                       /s/ Edward T. Kennedy    

                       Edward T. Kennedy
                       401 Tillage Road
                       Breinigsville, Pennsylvania 18031
                       Email: pillar.of.peace.2012@gmail.com

<center>-1-</center>

<center>S.A. 46</center>

memory and testimony. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231]

D. Has power to fine or imprison for contempt. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231.][Black's Law Dictionary, 4th Ed., 425, 426]

E. Generally possesses a seal. [3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231.][Black's Law Dictionary, 4th Ed., 425, 426]

66.     The following persons are magistrates: ...The judges of the superior courts.... [California Penal Code, Sec. 808.] ...our justices, sheriffs, mayors, and other ministers, which under us have the laws of our land to guide, shall allow the said charters pleaded before them in judgement in all their points, that is to wit, the Great Charter as the common law.... [Confirmatio Cartarum, November 5, 1297, *Sources of Our Liberties* Edited by Richard L. Perry, American Bar Foundation]

67.     Henceforth the writ which is called Praecipe shall not be served on any one for any holding so as to cause a free man to lose his court. [Magna Carta, Article 34].

68.     If any claim, statement, fact, or portion in this action is held inapplicable or not valid, such decision does not affect the validity of any other portion of this action.

69.     The singular includes the plural and the plural the singular.

70.     The present tense includes the past and future tenses; and the future, the present.

71.     The masculine gender includes the feminine and neuter.

72.     We the People of the United States, in Order to form a more perfect Union, establish Justice, insure domestic Tranquility, provide for the common defence, promote the general Welfare, and secure the Blessings of Liberty to ourselves and our Posterity, do ordain and establish this Constitution for the United States of America.

73.     We the people of this state do not yield their sovereignty to the agencies that serve them.

74.     Through the courts, Plaintiff encourages the government to obey the law.

Exhibit 1, LAW OF THE CASE

S.A. 47

**Exhibit 1**

in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured - They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.  [18, USC 241]

 62. Deprivation of rights under color of law:  Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.  [18, USC 242]

 63. COURT. The person and suit of the sovereign; the place where the sovereign sojourns with his regal retinue, wherever that may be. [Black's Law Dictionary, 5th Edition, page 318.]

 64. COURT. An agency of the sovereign created by it directly or indirectly under its authority, consisting of one or more officers, established and maintained for the purpose of hearing and determining issues of law and fact regarding legal rights and alleged violations thereof, and of applying the sanctions of the law, authorized to exercise its powers in the course of law at times and places previously determined by lawful authority. [Isbill v. Stovall, Tex.Civ.App., 92 S.W.2d 1067, 1070; Black's Law Dictionary, 4th Edition, page 425]

 65. COURT OF RECORD. To be a court of record a court must have four characteristics, and may have a fifth. They are:

  A. A judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426]

  B. Proceeding according to the course of common law [Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y. 406, 155 N.E. 688, 689][Black's Law Dictionary, 4th Ed., 425, 426]

  C. Its acts and judicial proceedings are enrolled, or recorded, for a perpetual

50.  CONFIRMATIO CARTARUM, October 10, 1297, By Edward, King of England, reaffirms that the Magna Carta may be pleaded as the Common Law before a court. This links the Magna Carta to the Common Law. The U.S. Constitution guarantees one's access to the Common Law, i.e. the Magna Carta. ( See "Sources of Our Liberties" Edited by Richard L. Perry, American Bar Foundation; distributed by Associated College Presses, 32 Washington Place, New York 3, New York.).

51.  The Constitution guarantees to every state a Republican form of government (Art. 4, Sec. 4).

52.  No state may join the United States unless it is a Republic. Our Republic is one dedicated to "liberty and justice for all." Minority individual rights are the priority. The people have natural rights instead of civil rights. The people are protected by the Bill of Rights from the majority. One vote in a jury can stop all of the majority from depriving any one of the people of his rights; this would not be so if the United States were a democracy.

53.  The definition of sovereignty retains the meaning it had at the time the US Constitution was formed. Who is the Tribunal? Answer: The sovereign, the ultimate Judge.

54.  ...at the Revolution, the sovereignty devolved on the people; and they are truly the sovereigns of the country, but they are sovereigns without subjects...with none to govern but themselves..... [CHISHOLM v. GEORGIA (US) 2 Dall 419, 454, 1 L Ed 440, 455 @DALL (1793) pp471-472.]

55.  The very meaning of 'sovereignty' is that the decree of the sovereign makes law. [American Banana Co. v. United Fruit Co., 29 S.Ct. 511, 513, 213 U.S. 347, 53 L.Ed. 826, 19 Ann.Cas. 1047.]

56.  Where rights secured by the Constitution are involved, there can be no rulemaking or legislation which would abrogate them. [Miranda v. Arizona, 384 US 436, 491.]

57.  There can be no sanction or penalty imposed upon one because of this exercise of constitutional rights. [Sherer v. Cullen, 481 F 946.]

58.  Republican government. One in which the powers of sovereignty are vested in the people and are exercised by the people, either directly, or through representatives chosen by the people, to whom those powers are specially delegated. [In re Duncan, 139 U.S. 449, 11 S.Ct. 573, 35 L.Ed. 219; Minor v. Happersett, 88 U.S. (21 Wall.) 162, 22 L.Ed. 627." Black's Law Dictionary, Fifth Edition, p. 626.]

59.  The Commonwealth of Pennsylvania is an inseparable part of the United States of America, and the United States Constitution is the supreme law of the land.see Pennsylvania Constitution, all versions.

60.  This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby; any Thing in the Constitution or Laws of any State to the Contrary notwithstanding. [Constitution for the United States of America, Article VI, Clause 2.]

61.  Conspiracy against rights:  If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or If two or more persons go

Exhibit 1, LAW OF THE CASE

**S.A. 49**

38.     With this presumption what is stated is: unless another statute re-defines province, the default definition of province only includes the Yukon Territory, the Northwest Territories and Nunavut.

39.     So in order to not become absurd, we must allow for "and includes" to be expansive, however more work needs to be done on this subject before placing the last nail in the coffin, so to speak.

40.     Barron's Canadian Law Dictionary does not provide definitions for "include" or "means" therefore we have to look in the next source for the definitions.

41.     From Black's Law Dictionary, fourth edition, here is the definition for the word "include":

include. To confine within, hold as in an inclosure, take in , attain, shut up, contain, inclose, comprise, comprehend, embrace, involve. Including may, according to context, express an enlargement and have the meaning of and or in addition to, or merely specify a particular thing already included within general words theretofore used.

inclose. To surround; to encompass; to bound; fence, or hem in, on all sides.

It is stated in the above definition that the verb include is clearly restrictive and only has limited scope. On the other hand the participle,including (but not limited to) enlarges the scope.

42.     Therefore the conclusion is that when used in a definition, include does not expand the existing definition of the word it is attempting to define.

43.     It is easy to be confused because one naturally assumes the existing definition of the word, then assume include means to add this new interpretation to the existing assumed definition of the word. Our assumptions fail us in this case.

44.     For the Doubting Thomas: If one looks into any statute, one will be able to find a definition that uses the word includes and attempts to broaden the scope of that word to include the ordinary meaning, finda that the statute will break down because it will not be able to support the inclusion of the ordinary meaning of the word.

45.     The breakdown usually occurs when slavery is invoked.

46.     Courts may be classified and divided according to several methods, the following being the more usual: COURTS OF RECORD and COURTS NOT OF RECORD.

47.     The former being those whose acts and judicial proceedings are enrolled, or recorded, for a perpetual memory and testimony, and which have power to fine or imprison for contempt. Error lies to their judgments, and they generally possess a seal.

48.     Courts not of record are those of inferior dignity, which have no power to fine or imprison, and in which the proceedings are not enrolled or recorded. See 3 Bl. Comm. 24; 3 Steph. Comm. 383; The Thomas Fletcher, C.C.Ga., 24 F. 481; Ex parte Thistleton, 52 Cal 225; Erwin v. U.S., D.C.Ga., 37 F. 488, 2 L.R.A. 229; Heininger v. Davis, 96 Ohio St. 205, 117 N.E. 229, 231.

49.     A "court of record" is a judicial tribunal having attributes and exercising functions independently of the person of the magistrate designated generally to hold it, and proceeding according to the course of common law, its acts and proceedings being enrolled for a perpetual memorial. See Jones v. Jones, 188 Mo.App. 220, 175 S.W. 227, 229; Ex parte Gladhill, 8 Metc. Mass., 171, per Shaw, C.J. See, also, Ledwith v. Rosalsky, 244 N.Y.

Exhibit 1, LAW OF THE CASE

29.    Here is an includes definition of the word "person" from the Interpretation Act:
person, or any word or expression descriptive of a person, includes a corporation
To expose their deception, substitute the word means or any word or expression descriptive of a person, means a corporation (viz. artificial-person)

30.    Both "means" and "includes" are restrictive in scope because they only encompass part of the whole. Typically they are used in the following form:
person means A or B or C (and nothing else).
person includes A and B and C (and nothing else).

31.    From the above example, one sees the logical difference. The list that follows means is constructed using "or", whereas the list that follows includes is constructed using "and".

32.    There is a Legal Maxim that supports the restriction of "includes" which is as follows: Inclusio unius est exclusio alterius. The inclusion of one is the exclusion of another.
The definition of the word include is key to understanding the potential loss of the natural-person. This is the major trick used by the Government in an attempt to take away natural-person rights. Unless this is known one voluntarily forfeits rights.

33.    The fourth "trick" of the Government is to modify how the word "includes" is used in order to make an expansion in the definition when such expansion is required. This "trick" helps add confusion to the use of "includes" convincing most readers that "includes" should always be expansive rather than limiting. Here are some legitimate ways in which "includes" is modified to become expansive rather than restrictive:
        also includes
        and includes
        includes, without limitation,
        including
        including but not limited to

34.    The expansive definitions usually take the following form:
person means A or B or C and includes D. (A,B, C and D). However, there is also a possibility that "and includes" is restrictive in some constructions. There are some people investigating this possibility right now. Their logic is demonstrated by the following example of a definition that states: province means a province of Canada and includes Ontario and Quebec.
So, if one presumes that "and includes" does provide expansion then one must ask why Ontario and Quebec had to be specifically mentioned when they are already part of a so-called province.

35.    The above construction clearly defines the scope of what is meant by province, that is a province of Canada (it does not say which one), and includes only Ontario and Quebec (compiled from a list of two from the original scope of all provinces). In this construction means provides the scope of the definition and includes provides the list of what is actually included in the definition.

36.    The foregoing analysis is one interpretation, but is not the only interpretation. The use of "includes" in statutory definitions can be argued both ways and is the backbone of understanding interpretations.

37.    With the presumption that "and includes" is restrictive, then we must take a very close look at the following definition, taken from the Interpretation Act:
province means a province of Canada and includes the Yukon Territory, the Northwest Territories and Nunavut .


Exhibit 1, LAW OF THE CASE


S.A. 51

superior court. The decisions and proceedings of an inferior court are not presumed to be valid. The inferior court can be sued in a superior court (that's called a "collateral attack"). In other words, the superior court (court of record) out ranks the inferior court not of record."

23.     Government Manipulation of Language. The first "trick" of the Government is the re-definition of certain critical words in each Statute (Act) The Government assumes the ordinary meaning of the word so as to trick the public into reading and interpreting the Statute in their favour. Here is a summary of some of the Trick Words. Two keywords that are re-defined in almost every Statute are the words "person" and "individual". There are at least two "person" in law: A natural-person is a legal entity for the human-being.

An artificial-person is a legal entity that is not a human being. (Here are the exact definitions from Barron's Canadian Law Dictionary, fourth edition (ISBN 0-7641-0616-3): natural person. A natural person is a human being that has the capacity for rights and duties. artificial person. A legal entity, not a human being, recognized as a person in law to whom certain legal rights and duties may attached - e.g. a body corporate.)

24.     The natural-person has the "capacity" (i.e. ability) for rights and duties, but not necessarily the obligation. The artificial-person has rights and duties that may be attached (i.e. assigned) by laws.

25.     The second "trick" of the Government is to use the Interpretation Act to define words that apply to all Statutes, unless re-defined within a particular Statute. Without this knowledge, one could assume the ordinary meaning for the words one is reading, not realizing that they may have been defined by the Interpretation Act. Unless these words have been re-defined in another Statute, the underlying definitions for the two most important words still apply, either from the Interpretation Act, or the Canadian Law Dictionary. Basically, they are defined as follows:

    a.     from the Canadian Law Dictionary one can

    find that:

individual means a natural person,

    b.     from the Income Tax Act find the re-definition:

individual means an artificial person.

    c.     from the Canadian Law Dictionary find that:

person means an individual (natural person) or incorporated group (artificial person),

    d.     from the Interpretation Act find the re-definition:

person means a corporation (an artificial- person),

    e.     from the Income Tax Act find the re-definition again:

person means an artificial person (amongst other things).

26.     In the Canadian Human Rights Act, one can see how individual and person are used and how they are applied to natural and artificial persons.

27.     The third "trick" of the Government is to use the word "includes" in definitions instead of using the word "means". They do this in some critical definitions that they want misinterpreted. If they used "means" instead of "includes" then their deception would be exposed, but by using "includes" they rely upon the reader to assume that "includes" expands the definition, whereas in reality it restricts the definition in the same manner that "means" restricts the definition.

28.     Here is a means definition of the word "person" from the Bank Act:

person means a natural person, an entity or a personal representative;

Exhibit 1, LAW OF THE CASE

4.  proceeding according to the common law (not statutes or codes)
5.  the tribunal is independent of the magistrate (judge)

Note that a judge is a magistrate and is not the tribunal. The tribunal is either the sovereign himself, or a fully empowered jury (not paid by the government).

13.    Black's Law Dictionary's omissions are subtle but one can recombine the information and get to the real meaning of terms such as "nisi prius".

14.    "Nisi prius" is a Latin term. Individually, the words mean thus:
"Prius" means "first." For example, "Prius vitiis laboravimus, nunc legibus" means "We labored first with vices, now with laws." Quoted from Black's Law Dictionary, Fifth Edition. "Nisi" means "unless." Quoting from B.L.D., 5th Ed.: "The word is often affixed as a kind of elliptical expression, to the words 'rule,"order,' 'decree,' 'judgment,' or 'confirmation,' to indicate that the adjudication spoken of is one which is to stand as valid and operative unless  he party affected by it shall appear and show cause against it, or take some other appropriate step to avoid it or procure its revocation."

15.    "Nisi prius court" is a court which will proceed unless a party objects. The agreement to proceed is obtained from the parties first.

16.    It is a matter of right that one may demand to be tried in a <u>court of record</u>.
By sheer definition, that means that the court must proceed according to the common law (not the statutory law). The only way that a court can suspend that right is by the prior agreement of the parties.

17.    For tactical reasons, Commonwealth of Pennsylvania and/or the state and/or State, prefers to proceed according to statutory law rather than common law. The only way it can do that is to obtain the prior agreement from the parties. That is the primary (but hidden) purpose of the arraignment procedure.

18.    During arraignment choices for pleading are only guilty, not guilty, nolo contendere, but all three choices lead to the same jurisdiction, namely a statutory jurisdiction, not a common law jurisdiction. That is to say, the question to be decided is whether or not the statute was violated, not whether the common law was violated.

19.    The dictionary does not lie in its definition of a nisi prius court but it does omit some important information. Namely, that it is a court that has been set up by prior agreement assumed because when the three statutory options [guilty, not guilty, nolo contendere] were presented to the defendant he chose one. He thus failed to enforce his right to be prosecuted in a court of record.

20.    Once the agreement (as evidenced in the arraignment proceeding) has been secured, the court proceeds under statutory authority. Now the court ceases to be a court of record and becomes a court of no record by prior lack of objection, i.e. by prior agreement implied by failure to object.

21.    Naturally, after securing the agreement, a nisi prius court can move on to examine the facts with a judge and jury, etc. etc.

22.    The criminal court is an inferior court because it is operating according to special rules (criminal code) and not according to the common law. Even if its name is "Superior Court of ....." it is still an inferior court so long as it is operating according to some code or statutes rather than the common law.On the other hand, a court of record, so long as it meets the criteria, is a true

Exhibit 1, LAW OF THE CASE

LAW OF THE CASE

1.      Statutes and codes shall be the rules of decision as long as they are not in conflict with the common law. (See the use of dictionaries in the Supreme Court of the United States, by Kevin Werbach Looking It Up: The Supreme Court's Use of Dictionaries in Statutory and Constitutional Interpretation (1994)).

2.      In a court of record, a judge has no discretion.  Discretion is reserved to the independent tribunal. When the word "law" is used without qualification, it means common law. An "attorney at law" means one who practices common law. (notwithstanding the fact that modern attorneys ignore the subject). An "attorney in equity" is one who practices before an equity court.

3.      Absolute Judicial immunity is a myth. A Judge does not have absolute immunity. Judicial immunity does not apply when the following conditions exist:

a. when he is performing a non-judicial act, or

b. when he acts in the complete absence of all jurisdiction.

4.      Statutes are expressions of will from the legislature.  To maintain confusion, Bar members append the word "law" to it.  Naturally, one is supposed to then believe that statutory law is the same as and equal to common law (it isn't!).  There is no legislative foundation for any Bar member to "practice" law.

5.      Codes are nothing more than a collection of statutes and other rules arranged by subject instead of being arranged by date. Law beats statutes; statutes beat codes.

6.      The California 1879 Constitution defines all California courts to be courts of record.

7.      Commonwealth of Pennsylvania maintains confusion and deception with multiple versions of its Constitution. Commonwealth of Pennsylvania has had five versions of constitutions 1776, 1790, 1838, 1874, and 1968.See John J. Kennedy, Pennsylvania Government and Politics, 1st Edition, Cognella publisher, 2018. Chapter 3, pages 79 to 90. )

8.      "Whereas it is essential, if man is not to be compelled to have recourse, as a last resort, to rebellion against tyranny and oppression, that human rights should be protected by the rule of law," (Preamble - Universal Declaration of Human Rights)

9.      Nisi Prius is defined as: "a court where civil actions are tried by a single judge sitting with a jury, as distinguished from an appellate court." This means the nisi prius court is a Trial Court which of course is where the facts of a case are discovered. A nisi prius court is a "court of no record,"  but a record is kept in a trial court. The mere keeping of a record does not qualify any court to be a court of record.

10.      Black's Law Dictionary, Fifth Edition, contributes to the confusion by listing only two of the four requirements for a court to qualify as a court of record.  For the full explanation, see https://www.1215.org/lawnotes/lawnotes/courtrec.htm.

11.      In California, all courts are named as courts of record. However, if in an individual case they are not operated as courts of record, then they don't qualify as such.  It takes more than a name to make a court of record.  Even though a court may be keeping a record, it is a court of no record if it does not conform to the remaining three requirements for a lawful court of record.

12.      A court of record is a court which must meet the following criteria:

1. generally has a seal

2. power to fine or imprison for contempt

3. keeps a record of the proceedings

Exhibit 1, LAW OF THE CASE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
Allentown Division

EDWARD T. KENNEDY,

       Plaintiff,

                                  No. 5: 18-cv-00257-JFL

       v.

COMMISSIONER, DEPARTMENT OF
THE TREASURY INTERNAL REVENUE
SERVICE, et. al.,

       Defendants.

FILED

JUL 13 2018

KATE BARKMAN, Clerk
By_____Dep. Clerk

OBJECTION TO ORDER

       Edward T. Kennedy, hereinafter "Kennedy and/or "Plaintiff", is one of the people of

Pennsylvania, and in this court of record  objects to the document titled "Order" dated July

2, 2018, signed by Joseph F. Leeson, the assigned Judge to this case on behalf of the Court,

and wishes the assigned Judge to resign from office.

TAKE JUDICIAL COGNIZANCE

       Kennedy reveres the American rule of law, the common law, which was taught to

Politics majors at St. Francis de Sales,  now called DeSales University. In a court of record,

a judge has no discretion. Discretion is reserved to the independent tribunal. When the word

"law" is used without qualification, it means common law.

Date: July 10, 2018, County of Lehigh, Pennsylvania.

Edward T. Kennedy  --SEAL--

_____
Edward T. Kennedy
401 Tillage Road
Breinigsville, Pennsylvania
Email: Kennedy2018@alumni.nd.edu

S.A. 55

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

EDWARD T. KENNEDY,                           :
                                             :
                    Plaintiff,               :
          v.                                 :        No. 5:18-cv-00257
                                             :
COMMISSIONER, *DEPARTMENT OF THE*            :
*TREASURY INTERNAL REVENUE SERVICE*;         :
JOHN DOE, *DEPARTMENT OF THE*                :
*TREASURY INTERNAL REVENUE SERVICE* ,        :
                                             :
                    Defendants.              :
_____

# O R D E R

**AND NOW**, this 16th day of July, 2018, upon consideration of Plaintiff's document titled "Take Judicial Cognizance," filed July 9, 2018, stating that he "wishes a new judge to administrate his complaint," ECF No. 35, and Plaintiff's document titled "Objection to Order," filed July 13, 2018, stating that he objects to the Court's previous orders and "wishes the assigned Judge to resign from office," it is **ORDERED** that:

1.  Plaintiff's requests and objections are **DENIED**;[1]

2.  Plaintiff is reminded that this case is **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[1]     On June 18, 2018, this Court granted the United States of America's Motion to Dismiss, dismissed Plaintiff's Complaint with prejudice, and closed this case. ECF Nos. 25, 26. On June 25, 2018, Plaintiff filed two documents titled "Notice and Objections to Order." ECF Nos. 32, 33. In an Order issued July 2, the Court construed these filings as motions to reconsider the Court's Order dismissing Plaintiff's Complaint, and it denied any relief. Likewise here, Plaintiff's filings have failed to present any grounds for the Court to reconsider its previous orders.

UNITED STATES DISTRICT COURT
DISTRICT OF ~~NEW JERSEY~~ *Eastern District of Pennsylvania*

| Full Caption in District Court: | Docket No.: |
|---|---|

*Edward T. Kennedy.*
(Plaintiff)

Docket No.: *18-cv-00257*

v.

Judge: *Leeson*

*Commissioner Department of Treasury.*
(Defendant)

**Notice of Appeal to the**
**U.S. Court of Appeals for the**
**Third Circuit**

Notice is hereby given that *Edward T. Kennedy*
(Named Party)
appeals to the United States Court of Appeals for the Third Circuit from

[ ] Judgment, [X] Order, [ ] Other _____
(Specify)
of the United States District Court, ~~District of New Jersey~~, entered in this action on
*Eastern District of Pennsylvania.*
~~8/13/2018~~ *July 16, 2018*
(Date)

Dated *8/15/2018*

Appellant *Edward T. Kennedy*

*401 Tillage Rd.*
Street

*Breinigsville PA 1803*
City, State, Zip

*415 275 1244*
Telephone

*Exhibit 1, Order July 16, 2018*

**S.A. 57**

# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

EDWARD T. KENNEDY,                          :
                                            :
                    Plaintiff,              :
          v.                                :          No. 5:18-cv-00257
                                            :
COMMISSIONER, *DEPARTMENT OF THE*           :
*TREASURY INTERNAL REVENUE SERVICE*;        :
JOHN DOE, *DEPARTMENT OF THE*               :
*TREASURY INTERNAL REVENUE SERVICE* ,       :
                                            :
                    Defendants.             :

---

FILED JUL 1 6 2018

## **O R D E R**

**AND NOW**, this 16th day of July, 2018, upon consideration of Plaintiff's document titled "Take Judicial Cognizance," filed July 9, 2018, stating that he "wishes a new judge to administrate his complaint," ECF No. 35, and Plaintiff's document titled "Objection to Order," filed July 13, 2018, stating that he objects to the Court's previous orders and "wishes the assigned Judge to resign from office," it is **ORDERED** that:

1.  Plaintiff's requests and objections are **DENIED**;[1]

2.  Plaintiff is reminded that this case is **CLOSED**.

BY THE COURT:

JOSEPH F. LEESON, JR.
United States District Judge

---

[1]    On June 18, 2018, this Court granted the United States of America's Motion to Dismiss, dismissed Plaintiff's Complaint with prejudice, and closed this case. ECF Nos. 25, 26. On June 25, 2018, Plaintiff filed two documents titled "Notice and Objections to Order." ECF Nos. 32, 33. In an Order issued July 2, the Court construed these filings as motions to reconsider the Court's Order dismissing Plaintiff's Complaint, and it denied any relief. Likewise here, Plaintiff's filings have failed to present any grounds for the Court to reconsider its previous orders.

1
071618

S.A. 59

# CERTIFICATE OF SERVICE

It is hereby certified that on November 6, 2018:  (1) four copies of

this supplemental appendix were sent by First Class Mail to the Clerk;

(2) a PDF copy was electronically filed by CM/ECF; and (3) a copy was

sent by First Class Mail to the appellant, appearing *pro se*, at the

address below:

> Edward T. Kennedy
> 401 Tillage Road
> Breinigsville, PA  18031

<div align="center">

_s/ Kathleen E. Lyon_

KATHLEEN E. LYON
*Attorney*

</div>