**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2892
_____

EDWARD T. KENNEDY,
    Appellant

v.

COMMISSIONER, Department of the Treasury
Internal Revenue Service; JOHN DOE, Department
of the Treasury Internal Revenue Service; EQUIFAX,
INC.; RICHARD F. SMITH, CEO Equifax, Inc.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 5-18-cv-00257)
District Judge: Joseph F. Leeson, Jr.
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)

February 1, 2019
Before: MCKEE, COWEN, and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed November 4, 2019)
_____

OPINION*
_____

PER CURIAM

    Edward T. Kennedy appeals from an order of the District Court dismissing his complaint. For the reasons that follow, we will affirm.

Kennedy filed a civil action in the United States District Court for the Eastern District of Pennsylvania against the Commissioner of the Internal Revenue Service ("IRS"); IRS employee R.B. Simmons in his official capacity; Equifax, Inc.; and the Chief Executive Officer of Equifax, Inc., Richard F. Smith, seeking money damages for intentional infliction of emotional distress and loss of reputation. Kennedy claimed that the IRS demanded payment from him of a delinquent federal income tax liability in the amount of $75,957.35 for the year 2007, despite knowing that he had been the victim of identity theft, and then notified him that it would levy on up to 15 percent of his Social Security benefits if he did not pay the amount due in full. (He asserted that his identity theft claim related to a data breach at Equifax). Kennedy demanded money damages in the amount of $250,000.00. The District Court dismissed the claims against Equifax and Smith without prejudice because Kennedy had raised duplicate claims against them in a separate, and pending, lawsuit, see Kennedy v. Equifax, Inc., D.C. Civ. No. 18-cv-00214.

The United States, as the real party in interest with respect to the remaining defendants, moved to dismiss Kennedy's complaint under Federal Rule of Civil Procedure 12(b)(1), argued that sovereign immunity applied to bar the action.[1] The Government acknowledged that, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, the United States had waived its sovereign immunity for claims for damages sounding in tort. Nevertheless, the Government argued, damages arising

---

[1] A plaintiff cannot circumvent the doctrine of sovereign immunity by naming the Commissioner and an IRS employee as defendants where, as here, there is no indication that the defendants are being sued in anything other than their official capacity.

from the collection of taxes are expressly barred by the tax collection exception to the FTCA, id. at § 2680(c). In response, Kennedy argued for the first time that his claim arose not under the tax code, but under 15 U.S.C. § 1692d, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., which prohibits "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." In an order entered on June 18, 2018, the District Court dismissed Kennedy's complaint, concluding that it was barred by the tax exception to the FTCA, 28 U.S.C. § 2680(c).

On June 25, 2018, Kennedy filed two documents titled "Notice and Objections," arguing that the District Court lacked jurisdiction over his case and requesting that the District Judge resign from office because he is biased. Treating the items as a motion for reconsideration, the District Court, in an order entered on July 2, 2018, denied reconsideration, determining that Kennedy had not shown a manifest error of law in the order of dismissal, nor had he presented any newly discovered evidence. Kennedy then filed two more motions within the 28-day period for filing a Rule 59(e) motion. In an order entered on July 16, 2018, the District Court again denied reconsideration.

Kennedy appeals. We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* an order granting a motion to dismiss for lack of subject matter jurisdiction. See Metropolitan Life Insurance Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007).

We will affirm. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). The District Court properly dismissed Kennedy's amended complaint for lack of subject

matter jurisdiction because, although the FTCA waives sovereign immunity for tort claims against the United States, the tax exception to the FTCA provides that sovereign immunity is not waived for "[a]ny claim arising in respect to the assessment or collection of any tax . . . ." 28 U.S.C. § 2680(c). Kennedy's claim for damages for intentional infliction of emotional distress and loss of reputation is related to the collection of his 2007 federal income tax liability. A demand for payment, a notice of intent to levy, and a levy are quintessential tax collection actions and thus his alleged injury falls within the tax exception to the FTCA. We noted that § 7433 of the tax code provides a remedy for damages for unauthorized collection activity, 26 U.S.C. § 7433(a), (b), but Kennedy stated in numerous items filed in the District Court that title 26 -- and § 7433 specifically -- were not relevant to his case.

　　Kennedy argues on appeal that damages for emotional distress for improper tax collection activities are permitted under Hunsaker v. United States, 902 F.3d 963 (9th Cir. 2018). Appellant's Informal Brief, at 3. In Hunsaker, the IRS sent numerous notices to the Chapter 13 debtors demanding payment and threatening imminent enforcement action, including a levy on their Social Security benefits. The debtors responded by bringing an adversary proceeding against the United States in bankruptcy court seeking damages for emotional distress based on a violation of the automatic stay, as allowed by 11 U.S.C. § 362(k). The Government, in response, argued that sovereign immunity barred this relief. The bankruptcy court disagreed and awarded money damages. The District Court on appeal reversed, but, on further appeal, the Ninth Circuit Court of Appeals upheld the bankruptcy court. The Ninth Circuit reasoned that § 106(a)(3) of the

bankruptcy code, 11 U.S.C. § 106(a)(3), expressly waives sovereign immunity for a claim for damages caused by a violation of the automatic stay. Hunsaker, 902 F.3d at 968. We need not address whether Hunsaker is persuasive (though nonbinding) authority because Kennedy's claim for damages for intentional infliction of emotional distress does not involve a violation of an automatic stay or § 106(a)(3) of the bankruptcy code. Hunsaker has no application to his case.

In the proceedings below, Kennedy argued that the IRS's conduct violated federal consumer protection law. The claim is meritless. The FDCPA prohibits a "debt collector" from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," 15 U.S.C. § 1692d, but the FDCPA expressly excludes "any officer or employee of the United States" from the definition of "debt collector" where that officer or employee is "collecting or attempting to collect any debt . . . in the performance of his official duties," id. at § 1692a(6)(C). Moreover, federal tax obligations are not "debts" under the FDCPA, because they do not arise out of a "consumer . . . transaction," 15 U.S.C § 1692a(5).

Kennedy further argues on appeal that the collection of taxes in his case is unlawful because the IRS is not licensed to collect debts in Pennsylvania, Appellant's Informal Brief, at 4-5, and that the District Court erred in overlooking this argument. We conclude, however, that a remand is not necessary because the argument is frivolous. The IRS does not need a state license to collect federal income taxes from residents of Pennsylvania.

Last, Kennedy's motions for reconsideration were properly denied because he did not argue an intervening change in the law, new evidence, or a clear error of law. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). With respect to his allegation of judicial bias, we note that Kennedy took exception to the District Court's rulings, and that this was his primary reason for seeking recusal, but "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," Liteky v. United States, 510 U.S. 540, 555 (1994), and they specifically do not do so here. There was no basis for assignment of Kennedy's case to a different U.S. District Judge.

For the foregoing reasons, we will affirm the orders of the District Court dismissing Kennedy's complaint and denying reconsideration. Kennedy's motion "to compel Obama administration assigned judges" to recuse is denied.